**KILPATRICK TOWNSEND & STOCKTON LLP**
Evan S. Nadel (CA Bar No. 213230)
*ENadel@ktslaw.com*
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200; Facsimile: (415) 576-0300

Marc A. Lieberstein (Admitted *pro hac vice*)
*mlieberstein@ktslaw.com*
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700; Facsimile: (212) 775-8800

Kristin M. Adams (Admitted *pro hac vice*)
*KMAdams@ktslaw.com*
1100 Peachtree Street N.E., Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500; Facsimile: (404) 815-6555

*Attorneys for Plaintiff*
*Chippendales USA, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CHIPPENDALES USA, LLC,

*Plaintiff*,

v.

CHRISTIAN W. BANERJEE, STRIPPENDALES CORPORATION, STRIPPENDALES LLC, and STRIPPENDALES69 LLC,

*Defendants.*

Case No. 2:23-cv-08630-PA (PDx)
Hon. Judge Percy Anderson

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR ORDER ALLOWING ALTERNATE SERVICE**

Filed: October 12, 2023

# TABLE OF CONTENTS

Page


I. FACTUAL BACKGROUND ........ 1

A. Christian Banerjee and His Strippendales Business ........ 1

B. Banerjee's Court Filings ........ 2

C. Banerjee's Knowledge of This Action ........ 2

D. Chippendales's Attempts to Locate and Serve Defendants ........ 4

II. ARGUMENT ........ 4

A. Chippendales Should Be Permitted to Serve the Strippendales Defendants Through the Secretary of State ........ 4

B. Chippendales Should Be Permitted to Serve Banerjee By Publication ........ 7

C. Chippendales's Time to Serve Defendants Should Be Extended ........ 9

III. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bedwell v. Lake Front Elsinore Plaza LLC*, No. 5:20-CV-01660-MCS, 2020 WL 12188990 (C.D. Cal. Dec. 10, 2020) .......... 6

*Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610 (C.D. Cal. 1995) .......... 5

*Kim v. USCIS*, No. 2:21-cv-06215-MCS, 2021 WL 8893412 (C.D. Cal. Dec. 17, 2021) .......... 9

*LA Daily News. Roland Corp. v. Wirges Percussion Sys. LLC*, No. CV 08-4785-GAF, 2008 WL 11340331 (C.D. Cal. Dec. 10, 2008) .......... 9

*Oh My Green, Inc. v. Cuffe*, No. CV 19-25097-PA (PVCx), 2020 WL 3213715, at *1 (C.D. Cal. Mar. 20, 2020) (Anderson, J.) .......... 8

*Prosperity Funding, Inc. v. State Fish Co.*, No. CV 13-03350-MMM, 2013 WL 12205040 (C.D. Cal. Nov. 12, 2013) .......... 6

**Statutes**

Cal. Civ. Proc. Code § 415.10 .......... 5

Cal. Civ. Proc. Code § 415.20(a) .......... 6

Cal. Civ. Proc. Code § 415.50 .......... 1, 10

Cal. Civ. Proc. Code § 415.50(a) .......... 9

Cal. Civ. Proc. Code § 416.10(d) .......... 5

Cal. Civ. Proc. Code § 416.20 .......... 7

Cal. Corp. Code § 1702 .......... 5, 10

Cal. Corp. Code § 1702(a) .......... 5

**Other Authorities**

Federal Rule of Civil Procedure 4(e)(1) .......... 1, 5, 8

Federal Rule of Civil Procedure 4(e)(2) .......... 7

Federal Rule of Civil Procedure Rule 4(h)(1) .......... 4

Federal Rule of Civil Procedure 4(h)(1)(A) .......... 1

Federal Rule of Civil Procedure 4(m) .......... 1, 9

Pursuant to Federal Rule of Civil Procedure 4(h)(1)(A) and California Corporations Code § 1702, Plaintiff Chippendales USA, LLC ("Chippendales") requests leave to serve Defendants Strippendales Corporation, Strippendales LLC, and Strippendales69 LLC (collectively, the "Strippendales Defendants") by service on the Secretary of State. Pursuant to Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 415.50, Chippendales requests leave to serve Defendant Christian W. Banerjee ("Banerjee") by publication. And pursuant to Federal Rule of Civil Procedure 4(m), Chippendales requests a 60-day extension of time to serve Defendants.

## I. FACTUAL BACKGROUND

### A. Christian Banerjee and His Strippendales Business

Defendant Christian Banerjee is a stripper who falsely claims to "own Chippendales." Declaration of Evan S. Nadel ("Nadel Decl.") Ex. 7. Banerjee owns a stripping business that he calls "Strippendales." *id.* Ex. 8. Banerjee also goes by the names "Bane Strippendale," "Bane Chippendale," "Christian Bane," "Bane Diesel," and "Chris Bane." *Id.* Exs. 1, 7-11.

Banerjee has formed at least three companies in connection with his Strippendales business. First, on November 30, 2020, Banerjee filed Articles of Organization for Defendant Strippendales LLC, naming himself as "Agent for Service of Process," with an address of Seabluff Drive Unit 102, Huntington Beach, CA 92648.[1] Nadel Decl. Ex. 1. On July 11, 2022, Banerjee filed a Statement of Information changing this address to 1200 Pacific Coast Hwy 217, Huntington Beach, CA 92648. *Id.* Ex. 2.

On July 8, 2022, Banerjee filed Articles of Organization for Defendant

---

[1] Because Banerjee included his various addresses cited in this Application in his unredacted filings with the Southern District of California, Los Angeles Superior Court, and the California Secretary of State, those addresses are not subject to redaction here. Fed. R. Civ. P. 5.2(b)(4) & 5.2(h); L.R. 5.2-1.

Strippendales69 LLC, naming himself as “Agent for Service of Process,” and listing the address of 1200 Pacific Coast Hwy 217, Huntington Beach, CA 92648. Nadel Decl. Ex. 3.

On July 11, 2022, Banerjee filed Articles of Incorporation for Defendant Strippendales Corporation, naming himself as “Agent for Service of Process,” and listing the address 1200 Pacific Coast Hwy 217, Huntington Beach, CA 92648. Nadel Decl. Ex. 4. On December 16, 2022, Banerjee filed a Statement of Information for Chippendales Corporation, changing his address to 5305 Cochran St. 103, Simi Valley, CA 93063. *Id.* Ex. 5.

**B. <u>Banerjee’s Court Filings</u>**

Banerjee has filed at least two court actions in California—listing a different address for each. First, on June 26, 2023, Banerjee filed an action in the Superior Court of California, Los Angeles styled *Banerjee v. Denberg*, No. 23-STCV-14718 (the “Superior Court Action”), listing his address as 1924 8th Ave #9, Los Angeles, CA 90018. Nadel Decl. Ex. 11. Banerjee has posted about this lawsuit on his Instagram account @bane_chippendale. *Id.*

On October 13, 2023, Banerjee filed a bankruptcy petition with the United States Bankruptcy Court for the Southern District of California, Case No. 23-03142-CL7, listing an address of 1320 Fifth Ave, San Diego, CA 92101. Nadel Decl. Ex. 10. He also listed his name as “Chris Bane.” *Id.*

**C. <u>Banerjee’s Knowledge of This Action</u>**

On June 5, 2023, before this action was filed, Chippendales’s counsel Marc Lieberstein and Anna Antonova wrote to Banerjee, advising him that his use of the marks CHIPPENDALES, STRIPPENDALES, and others constituted infringement of Chippendales’s intellectual property. Nadel Decl. Ex. 12. Banerjee later emailed Ms. Antonova from the email account “Bane Strippendale <strippendales@icloud.com>,” referring to her as a “Russian spy.” *Id.* Ex. 13. On June 30, 2023, Banerjee posted a

printout of Chippendales's letter to his Instagram account @bane_chippendale, inviting Chippendales to "bring it". *Id.* Ex. 14.

On July 15, 2023, Banerjee posted to his Instagram account a document from the Superior Court Action setting an in-person hearing for November 21, 2023. *Id.* Ex. 15. In that same post, Banerjee referred to Chippendales's counsel Marc Lieberstein as a "conniving Jewish fraudster[]." *Id.* On July 24, 2023, Banerjee posted the following:




Nadel Decl. Ex. 16. And on September 20, 2023, Banerjee posted about Chippendales's counsel on his Instagram story, writing that he was "certify mailing" the Superior Court Action to "those lying Jewbags." *Id.* Ex. 17.

On November 7, 2023, after this action was filed, Chippendales's counsel emailed Banerjee a copy of the summons and complaint in this action and asked him to accept service by email. Counsel used the same email address Banerjee himself had used to call Ms. Antonova a "Russian spy" and received no response or bounceback. Nadel Decl. Ex. 18.

### D. Chippendales's Attempts to Locate and Serve Defendants

In October and November 2023, Chippendales engaged a process server and a private investigator to attempt service on Defendants and to locate other potential addresses. Neither was able to locate Banerjee or an address at which he might reside or work. Nadel Decl. ¶¶ 19-21.

Four service attempts were made at the San Diego address that Banerjee provided to the U.S. Bankruptcy Court in October 2023, but the address is a banquet hall. Nadel Decl. Ex. 19 at 276, 279, 282, 285; *id.* Ex. 20 at 290. Three service attempts were made at the Los Angeles address Banerjee provided to the Los Angeles Superior Court in June 2023, and on the second attempt, the current resident explained that Banerjee does not live there. *Id.* Ex. 19 at 278, *id.* Ex. 20 at 289-90.

Three attempts were made at the 1200 Pacific Coast Highway address Banerjee provided to the Secretary of State in connection with the Strippendales Defendants, and on the third attempt, the current resident stated that Banerjee has not lived there in over three years. *Id.* Ex. 19 at 284, 275. An attempt was made at the original address for Strippendales Corporation that Defendant provided to the Secretary of State, but the current resident stated that Banerjee has not lived there for at least six years. *Id.* at 281.

Chippendales also sent an investigator to the November 21, 2023 hearing in the Superior Court Action—a hearing date that is still advertised on Banerjee's Instagram page—to effect personal service. Nadel Ex. 20 at 289. Banerjee did not show up. Chippendales's investigator used skip tracing and then searched vehicle sighting databases, but none disclosed an additional address. *Id.* at 290.

## II. ARGUMENT

### A. Chippendales Should Be Permitted to Serve the Strippendales Defendants Through the Secretary of State

Pursuant to Federal Rule of Civil Procedure Rule 4(h)(1), a corporation may be

served in the manner prescribed by Rule 4(e)(1) for serving an individual. That rule, in turn, allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," i.e., California. The California Code of Civil Procedure permits service of a corporation in accordance with Section 1702 of the California Corporations Code ("Section 1702"). *See* Cal. Code of Civ. Proc. § 416.10(d). Section 1702 provides:

> If an agent for the purpose of service of process . . . cannot with reasonable diligence be found at the address designated for personally delivering the process . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in [§§ 415.10, 415.20(a), 415.30(a), 416.10(a)-(c), or 416.20(a)] of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

Cal. Corp. Code § 1702(a).

The Strippendales Defendants "cannot be served with reasonable diligence" under § 415.10 because Chippendales's process servers and investigators have been unable to locate the Strippendales Defendants' agent—Banerjee—at any of the addresses Banerjee provided to the Secretary of State, the Los Angeles Superior Court, or the U.S. Bankruptcy Court for the Southern District of California. Banerjee also did not attend his November 21, 2023 hearing in the Superior Court Action, so Chippendales's investigator was unable to serve him there. *See Bonita Packing Co. v.*

*O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995) ("[A]pparently three attempts were made to personally serve defendant O'Sullivan at two different business addresses before intervening plaintiffs attempted substituted service, and it, thus, appears that reasonable diligence was made to personally serve defendant O'Sullivan.").

The Strippendales Defendants cannot be served with reasonable diligence under § 415.20(a) because Chippendales has been unable—despite diligent efforts—to ascertain Banerjee's "office" or "usual mailing address," and visits to various addresses Banerjee provided to the State of California disclosed no individual "who is apparently in charge thereof." *See* Cal. Code Civ. Proc. § 415.20(a).

The Strippendales Defendants also cannot be served with reasonable diligence under § 415.30(a) because Banerjee does not reside at, and is not associated with, any of the addresses he provided to the State of California and the courts. Indeed, during Chippendales's third personal service attempt at the 1200 Pacific Coast Highway address that Banerjee supplied to the California Secretary of State as the "mailing address" for each Strippendales Defendant, the current occupant confirmed that Banerjee has not lived there for "over 3 y[ea]rs." Nadel Decl. Ex. 19 at 275, 284. Although Chippendales has not attempted mail service, it would be futile to mail papers to an address at which Plaintiff has learned Banerjee does not reside. Courts routinely find that a plaintiff carries its burden with regard to § 415.30(a) by showing that the registered agent does not reside at the potential address(es) found. *See, e.g.*, *Bedwell v. Lake Front Elsinore Plaza LLC*, No. 5:20-CV-01660-MCS (KKx), 2020 WL 12188990, at *2 (C.D. Cal. Dec. 10, 2020) ("Counsel's declaration supports that the addresses listed on the California Secretary of State's website are closed and that Plaintiff cannot serve the registered agent by hand or by mail."); *Prosperity Funding, Inc. v. State Fish Co.*, No. CV 13-03350-MMM (SHx), 2013 WL 12205040, at *2 (C.D. Cal. Nov. 12, 2013) (finding plaintiffs carried their burden by showing that the agent "does not reside" at the designated address and that an alternate address was

"vacant and it appeared to be for sale").

The Strippendales Defendants cannot be served with reasonable diligence under § 416.10(a)-(c) because the *only* individual disclosed in any of their Secretary of State filings is Banerjee, whom Chippendales cannot serve with reasonable diligence. And section 416.20 is inapplicable because the Strippendales Defendants have not "forfeited [their] charter or right to do business," nor have they "dissolved." Cal. Code Civ. Proc. § 416.20.

Thus, despite Chippendales's thorough investigation and extensive efforts to locate the Strippendales Defendants and their agent, Chippendales has been unable to serve the Strippendales Defendants by the methods provided in the California Code of Civil Procedure. Accordingly, Chippendales requests leave to serve the Strippendales Defendants by serving the Secretary of State in accordance with Corporations Code Section 1702.

**B. Chippendales Should Be Permitted to Serve Banerjee By Publication**

Federal Rule of Civil Procedure 4(e)(2) provides that "an individual . . . may be served in a judicial district of the United States by . . . (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Despite its diligence, and due to Banerjee's provision of inaccurate addresses to the State of California, Chippendales has been unable to find Banerjee to serve him "personally." Chippendales has also been unable to determine Banerjee's "dwelling or usual place of abode," and Banerjee does not have a relevant agent "by appointment or by law to receive service of process." Banerjee also has not responded to Chippendales's request that he accept service by email (with the

summons and complaint attached to that email).

Accordingly, Chippendales can effect service on Banerjee only pursuant to Rule 4(e)(1): "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," i.e., California. This Court has held that the California Code of Civil Procedure does not authorize service of an individual by "alternative means," and that, instead, "California law allows for five basic methods of service":

> (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as 'substitute service'), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.

*Oh My Green, Inc. v. Cuffe*, No. CV 19-25097-PA (PVCx), 2020 WL 3213715, at *1 (C.D. Cal. Mar. 20, 2020) (Anderson, J.).

Service of an individual by publication is available in California if:

> [U]pon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.
>
> (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.

Cal. Code Civ. Proc. § 415.50(a)

As discussed above, Banerjee "cannot with reasonable diligence be served in another manner," i.e., personal delivery, substitute service, or service by mail. And a "cause of action exists" against Banerjee, who is the sole individual behind Defendants' infringement of Chippendales's intellectual property. *See* ECF 1 ¶¶ 9-15, 70. Accordingly, Chippendales respectfully requests leave to serve Banerjee by publication.

Because Banerjee consistently claims to reside in the Los Angeles area, Chippendales requests leave to serve Banerjee by publication once weekly for four consecutive weeks in *The Los Angeles Times*, *LA Weekly*, or *LA Daily News*. *Roland Corp. v. Wirges Percussion Sys. LLC*, No. CV 08-4785-GAF (MANx), 2008 WL 11340331, at *2 (C.D. Cal. Dec. 10, 2008) ("Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient." (citation omitted)). Chippendales will supplement this publication by sending Banerjee copies of the summons and complaint (for a second time) to the email address from which Banerjee has previously communicated with Chippendales's counsel of record, and by notifying Banerjee through his Instagram account.

**C. <u>Chippendales's Time to Serve Defendants Should Be Extended</u>**

Courts "must extend the time for service for an appropriate period" if the plaintiff "shows good cause for the failure" to serve the defendants within 90 days. Fed. R. Civ. P. 4(m). Chippendales submits this motion before the expiration of the 90-day deadline, and Chippendales's extensive efforts to locate and serve Defendants establish good cause for an extension. *See Kim v. USCIS*, No. 2:21-cv-06215-MCS (AFMx), 2021 WL 8893412, at *2 (C.D. Cal. Dec. 17, 2021) ("Plaintiff has attempted to serve Defendant at four different addresses. . . . Thus, even though

service has been ineffective, the Court finds Plaintiff's good faith attempts to serve Defendants constitutes good cause.").

Accordingly, Chippendales respectfully requests an extension of 60 days to serve Defendants or the cure any defects the Court finds in Chippendales's evidence in connection with California Corporations Code § 1702 and California Code of Civil Procedure § 415.50.

## III. CONCLUSION

For the foregoing reasons, Chippendales respectfully requests leave to serve the Strippendales Defendants through the Secretary of State and Banerjee by publication. Chippendales also respectfully requests an extension of time to serve Defendants by 60 days.

Dated: January 10, 2024

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Evan S. Nadel*

Evan S. Nadel
Marc A. Lieberstein (Admitted *pro hac vice*)
Kristin M. Adams (Admitted *pro hac vice*)

*Attorneys for Plaintiff*
*Chippendales USA, LLC*