FILED
2024 APR -1 PM 3:03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

JESUS JESSE BANERJEE,
1937 22nd St #4
Santa Monica, CA 90404
3109238788 EMAIL: INFO@STEVEBANERJEE.COM
PRO SE, *Applicant*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Chippendales USA LLC<br><br>versus<br><br>Christian W. Banerjee, et al.<br><br>Jesus Jesse Banerjee,<br><br>Pro Se, *Applicant* | Case No.: Case No. CV 23-8630 PA (PDx)<br><br>Request<br>~~NOTICE OF MOTION AND MOTION~~<br>FOR CORRECTION OF RECORD, CLARIFICATION OF CROSS-DEFENDANT STATUS, COMPLIANCE WITH PROCEDURAL RULES<br><br>**Hearing Information**<br><br>Date:<br><br>Time:<br><br>Dept.:<br><br>**Judge: THE HONORABLE PERCY ANDERSON, UNITED STATES DISTRICT JUDGE** |
|---|---|

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

1

NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on, at, or as soon thereafter as the matter may be heard, in Department of the United States District Court Central District Of California,

I, Jesse Banerjee, will appear and bring on for hearing the motion to:

1. Correct a Procedural Error

2. Remove Jesse Banerjee as Defendant

3. Clarify Cross-Defendant Status

This motion is based upon the grounds set forth in the accompanying Memorandum of Points and Authorities and Declaration of Jesse Banerjee.

Dated: April, 1 2024

Respectfully Submitted,

Jesse Banerjee, Pro Se

1937 22nd St #4

Santa Monica, CA 90404

3109238788 Email: info@stevebanerjee.com.

### A. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### i. Statement of facts

The chain of events leading to the submission of this motion unfolds from the court's actions on March 15, 2024. In response to the proceedings initiated by plaintiff Chippendales USA LLC, the court directed the service of Summons and Complaint upon Mr. Craig Chisvin, an attorney. The ostensible purpose was to ensure Mr. Banerjee's awareness of the legal proceedings against him. However, it's imperative to note a critical discrepancy: Mr. Banerjee's designation as a defendant in Case No. CV 23-8630 PA (PDx) lacks factual basis and accuracy.

Subsequent to this directive, on March 19, 2024, the court issued an order vacating a portion of its previous instruction concerning the service of process upon defense counsel in a related case, namely Case No. CV 23-3672 PA (PDx). This vacating order introduced an additional layer of complexity into the matter, exacerbating Mr. Banerjee's predicament regarding his alleged status as a cross-defendant in the case. Despite not holding party status in Case No. CV 23-3672 PA (PDx), Mr. Banerjee finds himself ensnared in a legal conundrum, grappling with uncertainty surrounding his role and obligations within the proceedings. The ramifications of these procedural maneuvers have had profound effects on Mr. Banerjee's legal position, casting a shadow of doubt over his rights and obligations in the case. The confusion stemming from the inaccurate naming and service of summons and complaint has left Mr. Banerjee in a state of limbo, unsure of his standing and responsibilities. This uncertainty strikes at the heart of due process, a cornerstone of the legal system, which guarantees individuals the right to be properly notified and afforded an opportunity to respond in legal proceedings.

In seeking redress, Mr. Banerjee invokes Rule 15(a) (2) of the Federal Rules of Civil Procedure, which entitles parties to amend pleadings, subject to notice and an opportunity to respond. Through this motion, Mr. Banerjee implores the court to correct the record by expunging any references to him as a defendant in Case No. CV 23-8630 PA (PDx). Moreover, given the vacating order and the ensuing ambiguity regarding his status as a cross-defendant, Mr. Banerjee seeks clarity from the court to untangle this web of confusion. Without such clarity, Mr.

Banerjee's ability to adequately prepare and respond to potential claims against him is severely hindered, further compounding the injustices stemming from these procedural missteps.

### ii. Summary of Arguments

The central issue revolves around the misidentification of Mr. Banerjee as a defendant in Case No. CV 23-8630 PA (PDx). This misidentification violates Mr. Banerjee's due process rights and undermines the integrity of the legal proceedings. He has no connection to the claims or disputes in this case, and the failure to accurately designate him as a party deprives him of the fundamental right to defend himself.

The absence of valid service of process raises significant concerns regarding the court's jurisdiction over Mr. Banerjee. Without proper service, the court lacks a solid legal foundation to assert personal jurisdiction over him, rendering any subsequent proceedings deficient. Compliance with procedural rules, particularly regarding service of process, is essential to safeguarding Mr. Banerjee's due process rights.

Mr. Banerjee requests the court to take corrective actions, including promptly correcting the record to remove references to him as a defendant, providing clarity on his cross-defendant status, and ensuring strict adherence to procedural rules. These measures are necessary to uphold the principles of due process and fairness and to rectify the injustices resulting from procedural missteps.

### iii. Arguments

### i. Misidentification of Mr. Jesse Banerjee as Defendant herein

The central issue at hand pertains to the infringement upon Mr. Banerjee's due process rights, a cornerstone of the legal system ensuring fairness and procedural integrity. This violation stems from a series of errors in properly identifying Mr. Banerjee's role and providing him with the necessary notifications regarding his involvement in the ongoing legal proceedings. As a result of these missteps, Mr. Banerjee has been denied the basic protections afforded to parties in legal matters, leaving him vulnerable and disadvantaged within the complex legal framework. The failure to accurately designate Mr. Banerjee as a defendant and to provide him with the

4

requisite notice represents a significant departure from the established norms of procedural fairness. In essence, it undermines the very foundation upon which the legal system operates – that all parties are entitled to a fair and transparent process wherein their rights are respected and protected. By neglecting to formally recognize Mr. Banerjee's status as a party to the case, the integrity of the legal proceedings is compromised, and the principles of fairness and justice are called into question. This lack of formal recognition places Mr. Banerjee in a precarious legal position, akin to being caught in a labyrinth without a map. Without the official acknowledgment of his involvement in the case, Mr. Banerjee is left adrift within a complex legal web, unable to effectively assert his rights or defend his interests. His exclusion from the formal proceedings denies him the opportunity to present his side of the story, respond to allegations, or participate meaningfully in the resolution of the legal matter at hand.

Further, there is a profound concern regarding the infringement of Mr. Banerjee's fundamental due process rights. The misidentification and inadequate notification of his involvement in the legal proceedings strike at the core of fairness and justice. Without being accurately recognized as a party to the case and without the opportunity to participate, Mr. Banerjee finds himself in a vulnerable legal position. This situation not only undermines the principles of fairness but also deprives him of the ability to assert his rights and defend his interests adequately.

Rule 15(a) (2) of the Federal Rules of Civil Procedure stands as a beacon of procedural fairness, granting individuals involved in legal proceedings the right to amend pleadings, provided they receive proper notice and an opportunity to respond. By invoking this procedural safeguard, Mr. Banerjee underscores the necessity of rectifying the oversight that has led to his wrongful designation as a defendant in Case No. CV 23-8630 PA (PDx). It is crucial to recognize that this corrective action transcends mere procedural rectification; it is foundational to preserving the integrity of the legal process and safeguarding Mr. Banerjee's rights against unjust legal burdens.

Moreover, the complexity of the situation is exacerbated by the ambiguity stemming from the vacating order related to service upon defense counsel in a related case. This added layer of confusion further clouds Mr. Banerjee's status as a cross-defendant, leaving him

grappling with uncertainty regarding his role and responsibilities in the ongoing proceedings. Without clear guidance on this matter, Mr. Banerjee's ability to mount an effective defense against any potential claims that may arise is severely compromised.

In light of these circumstances, it becomes imperative for the court to provide unequivocal clarification on Mr. Banerjee's cross-defendant status. Such clarity is essential to empower Mr. Banerjee to navigate the matter at hand with confidence and certainty, ensuring that he can adequately protect his rights and interests in the face of legal proceedings that directly affect him. By addressing these issues decisively, the court can uphold the principles of due process and fairness upon which the legal system is built, thereby reinforcing the foundation of justice for all parties involved.

### ii. Clarification Regarding Defendant Identity and Legal Representation

In addressing the procedural errors apparent in this case, it is crucial to clarify that Jesse Banerjee is not the named defendant "Banerjee" in the present matter. Instead, the individual identified as "Banerjee" is Christian Banerjee, who happens to be Jesse Banerjee's stepbrother. It's imperative to underscore that Jesse Banerjee and Christian Banerjee are estranged from one another and have no involvement in each other's legal affairs. The confusion arising from the misidentification of Christian Banerjee as "Banerjee" in this case has led to significant procedural missteps, wherein Jesse Banerjee's rights have been inadvertently implicated.

Furthermore, the issues at hand in this case are entirely unrelated to Jesse Banerjee or any other federal case involving him. The misattribution of actions or responsibilities to Jesse Banerjee is not only erroneous but also unjust, as it diverts attention from the actual parties involved and muddles the legal proceedings. Jesse Banerjee has no connection to the claims or disputes presented in this case, and thus, any attempt to involve him in the proceedings is both unwarranted and prejudicial.

Additionally, it's crucial to note that Jesse Banerjee's attorney, Craig Chisvin, is not affiliated with Christian Banerjee in any capacity. Craig Chisvin exclusively represents Jesse Banerjee and has no involvement in the legal matters concerning Christian Banerjee. Any confusion stemming from the shared surname between Jesse Banerjee and Christian Banerjee

should not lead to the conflation of their legal identities or representation. Therefore, it is imperative for the court to rectify these inaccuracies promptly to ensure that Jesse Banerjee's rights and interests are protected and that the legal proceedings proceed with clarity and fairness.

### iii. Lack of Personal Jurisdiction

Central to any determination of personal jurisdiction is the burden incumbent upon the plaintiff to establish it by a preponderance of evidence. This foundational principle, deeply rooted in legal jurisprudence, emphasizes the plaintiff's responsibility to demonstrate the court's authority over the defendant. However, this burden can only be discharged upon the fulfillment of essential procedural requisites, among which valid service of process stands paramount. Without such service, the court's jurisdiction remains elusive, and any subsequent proceedings lack a solid legal foundation. The Fourth Circuit's ruling in *Hawkins v. i-TV Digitalis Tavkozlesi zrt.* (935 F.3d 211, 228 (4th Cir. 2019)) underscores this critical requirement.

Embedded within the fabric of federal and state legal frameworks is the indispensable requirement of valid service of process as a sine qua non for the assertion of personal jurisdiction. Both the Federal Rules of Civil Procedure and relevant state statutes mandate meticulous adherence to these procedural norms. Proper service serves as the linchpin for the court to exercise its jurisdiction over a defendant, ensuring that defendants are adequately notified of legal actions against them and provided with an opportunity to defend themselves. The significance of this requirement cannot be overstated, as it safeguards the defendant's due process rights. Notably, Federal Rule of Civil Procedure 4(c)(1) delineates the precise procedures for effectuating service.

### iv. Lack of Service on Banerjee

Banerjee steadfastly maintains that he has not been served with process in accordance with the exacting standards delineated by the law. Despite being ostensibly named as a defendant in this action, the evidentiary landscape remains starkly devoid of any indicia suggesting the consummation of proper service. The absence of service on Banerjee signifies a glaring deficiency in the plaintiff's prima facie showing of personal jurisdiction over him. In the absence of such foundational service, the courts jurisdictional reach remains impotent. This deficiency

7

strikes at the heart of the plaintiff's case, as it undermines the very basis upon which the court could assert authority over Banerjee. The Fourth Circuit's ruling in *UMG Recordings, Inc. v. Kurbanov* (963 F.3d 344, 350 (4th Cir. 2020)) reinforces the importance of valid service in establishing personal jurisdiction.

A foundational pillar of the jurisprudential edifice, personal jurisdiction inexorably hinges upon the fulsome satisfaction of due process requirements. Any departure from the exacting standards of due process in effectuating service eviscerates the court's authority over the defendant. The legal landscape is clear: without adherence to due process in serving process, the court's exercise of jurisdiction becomes fundamentally flawed. The Fourth Circuit's decision in *Hawkins v. i-TV Digitalis Tavkozlesi zrt.* (935 F.3d 211, 228 (4th Cir. 2019)) underscores this essential principle.

In the seminal case of *Hawkins v. i-TV Digitalis Tavkozlesi zrt.* the Fourth Circuit meticulously expounded upon the indispensable requirement of valid service of process in the context of personal jurisdiction. The court unequivocally underscored that absent proper service, the court remains bereft of jurisdictional authority over the defendant. *UMG Recordings, Inc. v. Kurbanov* exemplifies the overarching principle dictating that the burden of establishing personal jurisdiction rests squarely upon the plaintiff's shoulders. The failure to effectuate valid service effectively vitiates the court's jurisdiction over the defendant.

### v. Relief sought

In light of the foregoing, we respectfully request the court to take the following actions:

1. **Correction of Record:** Promptly correct the record and expunge any references to Mr. Banerjee as a defendant in Case No. CV 23-8630 PA (PDx). This correction is imperative to prevent further confusion and unjust legal proceedings.

2. **Clarification of Cross-Defendant Status:** Provide clear guidance regarding Mr. Banerjee's status as a cross-defendant in the related case. Specifically, clarification is needed on whether he is required to file a response as a cross-defendant, despite not being a party to the case.

NOTICE OF MOTION AND MOTION

3. **Compliance with Procedural Rules:** Ensure strict adherence to the Federal Rules of Civil Procedure and local court rules in all future proceedings related to this matter. This includes proper identification of parties and adherence to due process requirements.

**Conclusion**

The procedural errors in naming Mr. Banerjee as a defendant and the subsequent confusion regarding his status as a cross-defendant have significantly prejudiced his legal rights and caused undue hardship. It is imperative for the court to rectify these errors promptly and provide clarity on Mr. Banerjee's legal standing in this matter.

Thank you for your attention to this matter. We stand ready to provide any further information or assistance required by the court.

Respectfully submitted,

DATED: - April, 1 2024

JESUS JESSE BANERJEE, 1937 22nd St #4
Santa Monica, CA 90404
3109238788 EMAIL: INFO@STEVEBANERJEE.COM
PRO SE, *Applicant*

JESUS JESSE BANERJEE,

3573 3RD STREET SUITE#206

LOS ANGELES, CA 90020

3109238788

EMAIL:INFOR@STEVEBANERJEE.COM

PRO SE, *Applicant*

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chippendales USA LLC | **Case No.:** Case No. CV 23-8630 PA (PDx) |
| versus | **JESSE BANERJEE'S DECLARATION IN SUPPORT OF MOTION** |
| Christian W. Banerjee, et al. | |
| Jesus Jesse Banerjee, | **Hearing Information** |
| Pro Se, *Applicant* | Date: |
| | Time: |
| | Dept.: |
| | **Judge: THE HONORABLE PERCY ANDERSON, UNITED STATES DISTRICT JUDGE** |

I, Jesus Jesse Banerjee, declare as follows:

1. I am making this declaration to support the Motion to Correct Procedural Error, Remove Jesse Banerjee as Defendant, and Clarify Cross-Defendant Status in Case No. CV 23-8630 PA (PDx). The court's directives on March 15, 2024, to serve Summons and Complaint upon Mr. Craig Chisvin aimed to ensure my awareness of the legal proceedings against me. However, I must emphasize a critical discrepancy: my designation as a defendant lacks factual basis and accuracy.

2. To the best of my belief, the misidentification of me as a defendant undermines the integrity of the legal proceedings and infringes upon my due process rights. I have no connection to the claims or disputes presented in this case, and the failure to accurately designate me as a party deprives me of the fundamental right to defend myself.

3. I believe that I have not been served with process in accordance with legal standards. The absence of valid service signifies a significant deficiency in the plaintiff's attempt to establish personal jurisdiction over me. Without proper service, the court's jurisdiction remains elusive, and any subsequent proceedings lack a solid legal foundation.

4. To the best of my belief, the confusion surrounding my status as a cross-defendant in the related case adds another layer of complexity to this matter. Without clear guidance from the court, I am left grappling with uncertainty regarding my role and responsibilities in the ongoing proceedings. This ambiguity severely hinders my ability to mount an effective defense and exacerbates the injustices stemming from these procedural missteps.

5. In light of the foregoing, I respectfully request the court to take the necessary actions to rectify the procedural errors and ensure fairness and justice in this matter. Specifically, I urge the court to correct the record, remove me as a defendant, and provide clear guidance on my cross-defendant status. These measures are essential to uphold the principles of due process and fairness upon which the legal system is built.

6. In conclusion, I affirm the accuracy and truthfulness of the statements made in this declaration to the best of my belief. I appreciate the court's attention to this matter and stand ready to provide any further information or assistance required.

7. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Declared on April, 7    2024

BY: _____

Jesse Banerjee, Pro Se

3573 3rd Street suite#206

Los Angeles, CA 90020

3109238788

Email:infor@stevebanerjee.com

## PROOF OF SERVICE

I declare I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to this action. My business address is Jesse Banerjee 1937 22nd Street, Unit 4 Santa Monica, CA 90404

On the date set forth below, I served the following document entitled:
**OPPOSITION TO PLAINTIFF's MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JESSE BANERJEE**
on the interested parties in this action, as follows:

*Request*

| | |
|---|---|
| Marc A. Lieberstein Kilpatrick<br>Townsend and Stockton LLP<br>1114 Avenue of the Americas 21st Floor New York, NY 10036<br>212-775-8700<br>Fax: 212-504-9566<br>Email: rweeks@kilpatricktownsend.com | Evan S Nadel<br>Kilpatrick Townsend Stockton, LLP<br>Two Embarcadero Center Suite 1900 San Francisco, CA 94111 415-576-0200<br>Fax: 415-576-0300<br>Email: enadel@kilpatricktownsend.com |
| Kollin J. Zimmermann<br>Kilpatrick Townsend and Stockton LLP<br>1801 Century Park East, Suite 2300 Los Angeles, CA 90067<br>310-248-3830 Fax: 310-860-0363<br>Email: kzimmermann@kilpatricktownsend.com | Kristin M. Adams<br>Kilpatrick Townsend and Stockton LLP<br>1100 Peachtree Stree NE, Suite 2800 Atlanta, GA 30309<br>404-815-6500 Fax: 404-815-6555<br>Email: kmadams@kilpatricktownsend.com |
| Christian Walter Banerjee Tychowskyj<br>1200 Pacific Coast Hwy Apt 217, Huntington Beach, CA 92648<br>strippendales@icloud.com | |
| | |
| | |

☐ **[By E-Mail]** I caused said document to be sent by electronic transmission to the e-mail addresses indicated for the parties listed above.

☒ **[By First Class Mail]** I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the foregoing document at my place of business, by placing true copies thereof, enclosed in sealed envelopes, with first class postage thereon fully prepaid, for collection and mailing with the United States Postal Service where they would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ **[By Overnight Courier]** I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressees.

☐ **[By Hand]** I directed each envelope to the parties so designated on the service list to be delivered by courier this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on April 1, 2024.

_____
Jesse Banerjee

-1-

CASE NO. 2:23-CV-08630-PA-PD
NOTICE OF MOTION AND MOTION
FOR CORRECTION OF RECORD, CLARIFICATION OF CROSS-DEFENDANT
STATUS, COMPLIANCE WITH PROCEDURAL RULES