**KILPATRICK TOWNSEND & STOCKTON LLP**
Evan S. Nadel (CA Bar No. 213230)
*ENadel@ktslaw.com*
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200; Facsimile:
(415) 576-0300

Kollin J. Zimmermann (CA Bar No. 273092)
*kzimmermann@ktslaw.com*
1801 Century Park East Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830; Facsimile:
(310) 860-0363

Marc A. Lieberstein (Admitted *pro hac vice*)
*mlieberstein@ktslaw.com*
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700; Facsimile:
(212) 775-8800

Kristin M. Adams (Admitted *pro hac vice*)
*KMAdams@ktslaw.com*
1100 Peachtree Street N.E., Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500; Facsimile:
(404) 815-6555

*Attorneys for Plaintiff*
*Chippendales USA, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIPPENDALES USA, LLC,<br><br>      *Plaintiff*,<br><br>v.<br><br>CHRISTIAN W. BANERJEE,<br>STRIPPENDALES CORPORATION,<br>STRIPPENDALES LLC, and<br>STRIPPENDALES69 LLC,<br><br>      *Defendants*. | Case No. 2:23-cv-08630-PA (PDx)<br>*Hon. Percy Anderson*<br><br>**PLAINTIFF CHIPPENDALES USA,<br>LLC'S OPPOSITION TO MOTION<br>TO SET ASIDE PLAINTIFF'S<br>REQUEST FOR ENTRY OF<br>DEFAULT AGAINST<br>DEFENDANTS**<br><br>Filed: October 12, 2023 |

1

# **TABLE OF CONTENTS**

2   I.      INTRODUCTION.................................................................................5

3   II.     FACTUAL AND PROCEDURAL BACKGROUND.................................6

4   III.    ARGUMENT ....................................................................................8

5           A.      Banerjee's Culpable Conduct Led to The Default............................9

6                   1.      Constructive Notice Was Effected on Banerjee
                            by Publication and Was Acknowledged as
7                           Proper Service by this Court.................................................10

8                   2.      Banerjee's Allegations Of Improper Service
                            Are Baseless......................................................................10
9
                            (a)     California's State Court Summons Form
10                                  Is Inapplicable .........................................................10

11                          (b)     Use of Banerjee's Original Legal Name
                                    Does Not Make Service Ineffective
12                                  Because Banerjee Had Actual Notice the
                                    Litigation Was Against Him ......................................11
13
                    3.      Defendants Had Actual Notice of this
14                          Litigation, including the Summons and
                            Complaint ..........................................................................17
15
            B.      Defendants Have No Meritorious Defenses .................................18
16
            C.      Chippendales Would Be Prejudiced By Vacatur of
17                  the Court's Entry of Default ....................................................19

18  IV.     CONCLUSION................................................................................20

19  CERTIFICATE OF COMPLIANCE..................................................................22

20  CERTIFICATE OF SERVICE........................................................................23

21

22

23

24

25

26

27

28

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

4

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104 (9th Cir. 2000) ...................................................................................... 8, 9, 10

5

6

*Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182 (2d Cir. 2015) ........................ 8

7

8

*Campbell v. Fernando-Sholes*, No. CV-05-0880-PHXSMM, 2009 WL 5184456 (D. Ariz. Dec. 21, 2009) ............................................................ 17

9

10

*Chippendales USA LLC v. Jesus Jesse Banerjee*, No. 23-cv-03672 PA (PDx) (C.D. Cal. Aug. 19, 2023) ....................................................... 6, 19

11

*Chrysler Credit Corp. v. Macino*, 710 F.2d 363 (7th Cir. 1983) ............................... 20

12

*Conner-Cooley v. AIG Life Brokerage*, 282 F.R.D. 431 (E.D. Wis. 2012) .......... 12, 16

13

14

*Derek Andrew, Inc. v. Poof Apparel Corp.*, 282 F. App'x 554 (9th Cir. 2008) ...................................................................................... 18

15

16

*Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922 (9th Cir. 2004) .............................................................................. 8, 9, 20

17

*Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508 (9th Cir. 1986) ....................... 19

18

*Hunter v. Swadley*, 141 Tenn. 156, 207 S.W. 730 (1918) ....................................... 12

19

*In re Hammer*, 940 F.2d 524 (9th Cir. 1991) ......................................................... 8, 9

20

21

*PacifiCorp Cap. v. Hansen Props.*, 161 F.R.D. 285 (S.D.N.Y. 1995) ...................... 17

22

*Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811 (9th Cir. 1985) ......................... 9

23

*Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003) ................................................................................... 20

24

25

*Pickens v. Wong*, No. CV-07-1889-AG (PJW), 2008 WL 895692 (C.D. Cal. Mar. 31, 2008) ............................................................................ 18

26

*Plumlee v. Poag*, 150 Cal. App. 3d 541, 198 Cal. Rptr. 66 (1984) .......................... 16

27

28

*Seiko Epson Corp. v. Straightouttaink, LP*, No. 19-cv-8240-YGR, 2022
    WL 740919 (N.D. Cal. Jan. 28, 2022)..................................................5, 16

*Tremps v. Ascot Oils, Inc.*, 561 F.2d 41 (7th Cir. 1977) ......................................12, 13

*United States v. A. H. Fischer Lumber Co.*, 162 F.2d 872 (4th Cir. 1947)................12

*Winston & Strawn LLP v. L. Firm of John Arthur Eaves*, 47 F. Supp. 3d
    68 (D.D.C. 2014) ..................................................................................12

**Statutes**

Cal. Civ. Proc. Code § 412.20 ..................................................................9, 11

Cal. Civ. Proc. Code § 412.30 ..................................................................11

**Other Authorities**

Adv. Comm. Notes to 1993 Amendments to Fed. R. Civ. P. 4, 146
    F.R.D. 401 (1993) ................................................................................11

Federal Rule of Civil Procedure 4(a)..........................................................11

Federal Rule of Civil Procedure 4(e)(1) .......................................................9

Federal Rule of Civil Procedure 55(c).........................................................8

Plaintiff Chippendales USA, LLC ("Chippendales") submits this opposition to the Motion to Set Aside Plaintiff's Request for Entry of Default filed by Defendant Christian W. Banerjee—also known by the names "Bane Strippendale," "Bane Chippendale," "Christian Bane," "Bane Diesel," and "Chris Bane" ("Banerjee")—and three entities: Strippendales Corporation, Strippendales LLC, and Strippendales69 LLC (the corporate entities collectively "Corporate Defendants," all defendants collectively "Defendants"). Dkt. No. 46 (the "Motion").

## I.    INTRODUCTION

The Court should deny Banerjee's motion because (1) Defendants had actual and constructive notice of the summonses and complaint and failed to answer; (2) Banerjee has failed to show that Defendants have any meritorious defense; and (3) Chippendales would be significantly prejudiced if the Court's entry of default was set aside.

Defendants' argument that they were not properly served is plainly false. This Court previously confirmed in a March 15, 2024 order that service on all Defendants was complete, pursuant to its order allowing alternative service, and then set April 1, 2024 as the last day for each Defendant to respond to the complaint. Dkt. No. 35. None answered or otherwise responded to the complaint—on April 1 or any time thereafter. Banerjee's argument that proper service is somehow invalid because Chippendales used his prior legal name strains reason, and the law does not tolerate such gamesmanship—especially in this case, where (1) Banerjee continues to use his prior legal name (the precise one Chippendales uses here) to sue other parties in other courts to this day, (2) the complaint expressly lists his various aliases (including his new legal name), (3) he still holds himself out to the public as "Christian Banerjee," and (4) Banerjee had actual notice of the complaint. *Seiko Epson Corp. v. Straightouttaink, LP*, No. 19-cv-8240-YGR, 2022 WL 740919, at *1 (N.D. Cal. Jan. 28, 2022) (explaining misnomer does not void service where it is reasonably clear who was intended to be served).

Here, it is clear exactly who Chippendales intended to sue, and Banerjee does not allege otherwise. In fact, his Motion makes clear he knows that Chippendales sued him as a defendant. Banerjee even appeared before this Court for a hearing and did not raise the issue or note on the record his need to use another name. Dkt. No. 45. Banerjee cannot use his name change as a sword and shield: simultaneously suing as "Christian Banerjee" while avoiding service under the same name.

Further, Banerjee has not shown, and cannot show, that he has a meritorious defense on the merits of the trademark and unfair competitions claims. Banerjee's sole attempt at demonstrating a defense on the merits is one vague legal conclusion: that Banerjee "is the rightful owner of" the Chippendales business and that "the present entity Chippendales USA, LLC (a Delaware Corporation) does not have legal ownership of Chippendales." Mot. at 1. Not only is this argument conclusory, but Banerjee conspicuously makes no effort to substantiate his theory—nor can he because it is baseless. In a separate case involving the same marks, Chippendales was confirmed to be the rightful owner of the CHIPPENDALES marks. *Chippendales USA LLC v. Jesus Jesse Banerjee*, No. 23-cv-03672 PA (PDx) (C.D. Cal. Aug. 19, 2023).

Defendants simply have not advanced any valid reason why the default should be set aside, which would force Chippendales to expend additional resources to litigate its established rights in its marks while Defendants continue to irreparably harm Chippendales's goodwill in its valuable marks. For the foregoing reasons, and those stated below, the Motion should be denied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Chippendales commenced this action by filing the complaint on October 12, 2023, bringing trademark infringement and unfair competitions claims against Banerjee and the three Corporate Defendants. Dkt. No. 1. Because Banerjee routinely goes by different names, the complaint alleged that "Christian W. Banerjee … has held himself out as 'Chris Bane,' 'Bane Diesel,' 'Bane Chippendale,' and

1  'Bane Strippendale,' and is referred to herein as 'Christian Banerjee.'" Dkt. No. 1 ¶

2  9.

3      As stated in the Motion, Banerjee "has been homeless without a physical

4  address … since September 1, 2022" and was "living temporarily in and out of state,

5  between hotels in California and [a previously undisclosed address in] Austin, Texas

6  . . . from October 2023 to December 2023," which made effecting personal service

7  of process essentially impossible despite Chippendales's extensive and repeated

8  efforts. Mot. at 6; Dkt. No. 31-1 at 7. Because its process server was unable to serve

9  Banerjee at any of his known addresses, Chippendales hired a private investigator,

10 who failed to locate Banerjee (despite waiting at a courthouse in Los Angeles on a

11 day when Banerjee had a hearing in a case he filed), forcing Chippendales to move

12 for leave to serve all Defendants by alternative means, as Banerjee is also the

13 registered agent for the three Corporate Defendants. *See generally* Dkt. No. 31-1.

14 The Court granted the motion and permitted alternative service, so Chippendales

15 served the Corporate Defendants via the California Secretary of State and Defendant

16 Christian Banerjee by publication in three separate newspapers of general

17 circulation. Dkt. Nos. 32, 34, 34-1, 34-2, 34-3, 34-4, 34-5, 34-6.

18      On March 15, 2024, the Court issued an order confirming service on all

19 Defendants was complete and setting April 1, 2024 as the last day for each

20 Defendant to respond to the complaint. Dkt. Nos. 35, 32-2 (Declaration of Evan S.

21 Nadel in Support of Plaintiff's Request for Entry of Default Against Defendants

22 ("Nadel Decl.")) ¶¶ 8-9. None of the Defendants appeared or filed a responsive

23 pleading as required by April 1, 2024. Nadel Decl. ¶ 10. Moreover, on November 7,

24 2023, Plaintiff's counsel emailed Defendants copies of the summons and complaint

25 to an email address Banerjee had previously used to communicate with Plaintiff's

26 counsel, without receiving any bounceback or other indication the email address had

27 been deactivated. Dkt. No. 31-1 at 3 & Ex. 18.

28      Throughout the course of this litigation, in other litigations, and on social

**OPPOSITION TO MOTION TO SET ASIDE REQUEST FOR DEFAULT**
**CASE NO.:  2:23-CV-08630-PA (PDx)**                                        - 7 -

media, Banerjee has held himself out as "Christian Banerjee," despite his filing a petition at one point to change his name to "Chris Bane," which he now states was granted as of January 20, 2022. Mot. ¶ 25. Yet, on June 30, 2023, in response to a letter received by undersigned counsel, Banerjee posted on his public Instagram that "by the way you will get my actual lawsuit where I Christian Banerjee am suing you…" Exhibit 1. Thus, the status of Banerjee's legal name remains unclear to Chippendales due to Banerjee's own conflicting representations, including well after his name change was allegedly granted.

On April 2, 2024, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court granted Plaintiff's request for default and entered a default against all Defendants. Dkt. No. 39. Plaintiff moved for default judgment on May 2, 2024, and the Court conducted a hearing—which Banerjee attended remotely—on June 3, 2024, at which the Court set the briefing schedule for the instant Motion to set aside Banerjee's default. Dkt. Nos. 44, 44-1, 45.

## III.    ARGUMENT

Rule 55(c) provides that "a court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). A motion to vacate a default judgment should be denied if: "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000) (quoting *In re Hammer*, 940 F.2d 524, 525-26 (9th Cir. 1991)); *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (same "good cause" factors apply to both Rule 55(c) and

Rule 60(b) relief (citation omitted)). "'[T]his tripartite test is disjunctive,' meaning that the district court would be free to deny the Motion if any of the three factors was true." *Hayhurst*, 227 F.3d at 1108 (quoting *Hammer*, 940 F.2d at 526).

Here, *all three* of these factors are true: Banerjee's culpable conduct led to the default; Banerjee has no meritorious defense; and Chippendales would be prejudiced if the Court's default is set aside.

## A.    Banerjee's Culpable Conduct Led to The Default

"The question of whether [Banerjee's] conduct was culpable and led to the default judgment turns on whether or not [he] received actual or constructive notice of the filing of this action." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985); *see also Franchise Holding*, 375 F.3d at 926 ("If a defendant has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable." (citation omitted)). Constructive notice is through proper service of process; actual notice is whether the defendants were actually knowledgeable about the claims. *See Pena*, 770 F.2d at 815. Here, Banerjee had both—constructive notice pursuant to FRCP 4(e)(1) and actual knowledge of this case, having received the summons and complaint on November 7, 2023 at the email address he had previously used to contact undersigned counsel.

Further, none of Banerjee's allegations of improper service are meritorious: (1) Chippendales did not need to comply with California Code of Civil Procedure section 412.20 because the Federal Rules of Civil Procedure control; (2) Banerjee's legal name change does not defeat proper service because he had actual notice of the litigation, proceeded under his prior legal name, and was not prejudiced; and (3) conspiracy theories alleging Chippendales has anything to do with Banerjee's health or safety are unfounded, inappropriate, and have no bearing on this litigation.[1]

---

[1] Banerjee did not and cannot submit any evidence supporting his audacious speculations that Chippendales has in any way affected his safety. The Court should disregard these inappropriate theories as unsubstantiated and not remotely credible.

Banerjee is thus culpable in failing to answer.

**1.     Constructive Notice Was Effected on Banerjee by Publication and Was Acknowledged as Proper Service by this Court**

After extensive unsuccessful efforts to complete personal service on Banerjee, this Court granted Chippendales's motion for leave to serve all four Defendants by alternative means on January 10, 2024. Dkt. No. 32; Nadel Decl. ¶¶ 2-5. Pursuant to that Order, Chippendales completed service of process on defendants Strippendales Corporation, Strippendales LLC, and Strippendales69 LLC via the California Secretary of State on January 23, 2024, with evidence of proof of service of summons and complaint on file with this Court. Dkt. Nos. 34, 34-1, 34-2, 34-3; Nadel Decl. ¶ 6.[2] Further pursuant to that Order, service of process on Banerjee by publication was completed no later than February 22, 2024, with evidence of proof of service on file with this Court. Dkt. Nos. 34, 34-4, 34-5, 34-6; Nadel Decl. ¶ 7.

On March 15, 2024, the Court issued an order confirming service on all Defendants was complete and setting April 1, 2024 as the last day for each Defendant to respond to the complaint. Dkt. No. 35; Nadel Decl. ¶¶ 8-9. None of the Defendants filed a responsive pleading by April 1, 2024—or any later date. Nadel Decl. ¶ 10.

**2.     Banerjee's Allegations Of Improper Service Are Baseless**

**(a)     California's State Court Summons Form Is Inapplicable**

Banerjee alleges that Chippendales failed to comply with California Code of

---

*Hayhurst*, 227 F.3d at 1108 ("it is well established that the district court is in the best position to determine the veracity of a witness's statements.").

[2] Banerjee's assertion that "Plaintiff has failed to provide evidence that they served Defendant through the California's Secretary of State" (Dkt. No. 46 at 3) is demonstrably false and should be disregarded. Dkt. Nos. 34, 34-1, 34-2, 34-3; Nadel Decl. ¶ 6.

Civil Procedure sections 412.20 and 412.30 by not providing Banerjee with "their Summons to writ," including several California superior court specifics provided on the summons form by the California Judicial Council. Mot. at 2. Because this is a federal court action, the federal summons form must be used, even if state law supplies the *method* of service. *See* Fed. R. Civ. P. 4(a); *see also* Adv. Comm. Notes to 1993 Amendments to Fed. R. Civ. P. 4, 146 F.R.D. 401, 559-60 (1993).

Unlike California state court rules, the federal rules provide that a summons must: "(A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(a).

All of these items were in the *federal* summons form used by Chippendales, which completed service of process on each of the Corporate Defendants via the California Secretary of State on January 23, 2024, with evidence of proof of service on file with this Court. Dkt. Nos. 34, 34-1, 34-2, 34-3. Further, pursuant to this Court's January 10, 2024 Order, service of process on Banerjee by publication was completed no later than February 22, 2024, with evidence of proof of service on file with this Court. Dkt. Nos. 34, 34-4, 34-5, 34-6. Accordingly, Chippendales is in full compliance with FRCP 4(a), by serving the completed *federal* summonses and complaint on Defendants. Accordingly, Defendants' "defense" regarding California Code of Civil Procedure sections 412.20 and 412.30 has no merit.

**(b)** **Use of Banerjee's Original Legal Name Does Not Make Service Ineffective Because Banerjee Had Actual Notice the Litigation Was Against Him**

Banerjee alleges that service of process on him as an individual and on the Corporate Defendants was improper due to his personal name change on January 20,

2022 from "Christian Walter Banerjee" to "Chris Bane." Mot. at 6. But use of his correct prior name does not render service ineffective, especially here, where Defendants received timely actual notice of the proceeding, the complaint expressly references his new name, "Chris Bane," Banerjee appeared before this Court under his old name (and did not challenge the misnomer), and—most ridiculously— Banerjee has filed other litigations using his prior name *after* he changed his name. Moreover, this argument is facially inapplicable to the Corporate Defendants, as they were served directly via the Secretary of State.

Generally, "[a] defendant who is clearly identified by a summons and complaint and who has been served with those documents may not avoid the jurisdiction of the district court merely because he is incorrectly named in them." *Tremps v. Ascot Oils, Inc.*, 561 F.2d 41, 44 (7th Cir. 1977) (*citing United States v. A. H. Fischer Lumber Co.*, 162 F.2d 872 (4th Cir. 1947)); *see also Hunter v. Swadley*, 141 Tenn. 156, 207 S.W. 730, 732 (1918) ("Hence, where a party is sued by a wrong name and he appears to the suit and does not plead the misnomer in abatement, and judgment is rendered against him in the erroneous name, execution may be issued upon it in that name and levied upon the property and effects of the real defendant."). Such service is proper despite a misnomer if the complaint is not susceptible to any reasonable doubt or confusion about who the plaintiff intended to sue, or has not misled the party intended to be served. *See Conner-Cooley v. AIG Life Brokerage*, 282 F.R.D. 431, 435 (E.D. Wis. 2012) (denying motion to dismiss due to misnomer where defendant did not, "point to facts indicating that [misidentifying the defendant] created any reasonable doubt or confusion about who it was that plaintiff intended to sue"). Such misnomer may be disregarded where the defendant has not been prejudiced. *Winston & Strawn LLP v. L. Firm of John Arthur Eaves*, 47 F. Supp. 3d 68, 75 (D.D.C. 2014) ("A misnomer in process is not fatal, where the defendant is actually before the Court, has been served, and is not prejudiced by the mistake. If the name used in the complaint leaves no doubt as to

the defendant's identity, and service is otherwise sufficient, then service is proper regardless of the error." (citation omitted)). As the Seventh Circuit has stated:

> [a] suit at law is not a children's game, but a serious effort on the part
> of adult human beings to administer justice; and the purpose of process
> is to bring parties into Court. If it names them in such terms that every
> intelligent person understands who is meant . . ., it has fulfilled its
> purpose; and courts should not put themselves in the position of failing
> to recognize what is apparent to everyone else.

*Tremps*, 561 F.2d at 44.

Here, Banerjee's effort to invalidate service based on use of his prior legal name is pure gamesmanship and is not meritorious. While Banerjee submitted his petition for name change to the Court and alleges that his name was legally changed to Chris Bane on January 20, 2022, Banerjee continued to hold himself out as Christian W. Banerjee long after his legal name change. This is clear even looking only at his publicly available Instagram account. For example:

- Signed June 13, 2023, Banerjee held himself out to the Superior Court of California as Christian W. Banerjee, as included in his June 26, 2023 Instagram post, as shown below. A true and correct copy of the same attached as Exhibit 2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



- Signed June 15, 2023, as part of the same complaint filed by Banerjee, Banerjee attested under penalty of perjury that he received a letter from undersigned counsel via overnight mail at the outset of this proceeding, as shown below. A true and correct copy of the same attached as Exhibit 3.



1   • A true and correct copy of the above referenced complaint filed on June 26,

2      2023, naming Christian W. Banerjee as Plaintiff, is attached as Exhibit 4.

3   • On June 30, 2023, in response to the letter received by undersigned counsel,

4      Banerjee posted a public announcement on his Instagram that "by the way

5      you will get my actual lawsuit where **I Christian Banerjee am suing**

6      **you**…" as shown below (emphasis added). A true and correct copy of the

7      same attached as Exhibit 1.



20  • On July 15, 2023, Banerjee posted an image of a Notice of Case

21     Management Conference naming Christian W. Banerjee on his Instagram, as

22     shown below. A true and correct copy of the same attached as Exhibit 5.



- On July 8, 2024, Banerjee posted an image on his Instagram, which includes a form from Hoag Hospital Newport Beach to whom Banerjee has held himself out as Christian Walter Banerjee, dated April 5, 2023, as shown below. A true and correct copy of the same attached as Exhibit 6.



Thus, Banerjee's own public statements demonstrate that, long after his alleged name change in January 2022, he was still publicly engaging in various legal proceedings and holding himself out as Christian W. Banerjee, including to the California Superior Court (signing this name under penalty of perjury) and to the Hoag Hospital in Newport Beach.

Banerjee's misnomer argument is baseless as he had no doubt or confusion about who Chippendales intended to sue. *See Conner-Cooley*, 282 F.R.D. at 435; *Seiko Epson Corp.*, 2022 WL 740919, at *1 (finding substitute service was proper even though defendant was identified in the summons as "Nahn Ho" instead of "Nhan Ho"); *Plumlee v. Poag*, 150 Cal. App. 3d 541, 547, 198 Cal. Rptr. 66 (1984)

("Where full notice is given and a reasonably prudent person would realize that he is the party intended to be named as the defendant, the Court should treat the mistake as harmless misnomer in order to promote substantive rights." (citation omitted)); *see also Campbell v. Fernando-Sholes*, No. CV-05-0880-PHXSMM, 2009 WL 5184456, at *1–2 (D. Ariz. Dec. 21, 2009) (granting plaintiff's motion to amended default judgment to correct a misnomer in the summons); *PacifiCorp Cap. v. Hansen Props.,* 161 F.R.D. 285, 288 (S.D.N.Y. 1995) (holding Rule 60 was an appropriate vehicle to correct an inadvertent error in the name of the defendant where there was no doubt who the defendant was, which was properly served, even if technically a different legal entity).

The misnomer did not cause doubt or confusion about who Chippendales was suing for another reason: the complaint expressly noted that Banerjee "has held himself out as 'Chris Bane,' 'Bane Diesel,' 'Bane Chippendale,' and 'Bane Strippendale,' and is referred to herein as 'Christian Banerjee.'" Dkt. No. 1 ¶ 9. That the complaint also named three of Banerjee's businesses along with him individually (with allegations about his positions with those entities) also clarifies the intent to sue Banerjee, rather than some other individual. Banerjee also appeared before this Court at a June 3, 2024 hearing as Christan W. Banerjee and did not then—or ever in this litigation prior to the instant Motion—seek any relief based on the use of his prior legal name. Dkt. No. 45. Given that he was identifying as Christian W. Banerjee, and that he has never testified that he was prejudiced by Chippendales referring to him as Christian W. Banerjee, service has fulfilled its purpose.

### 3. Defendants Had Actual Notice of this Litigation, including the Summons and Complaint

Defendants cannot credibly argue they lacked actual notice of the litigation. Undersigned counsel emailed the complaint and summons for all four defendants to Banerjee at his email address strippendales@icloud.com on November 7, 2023,

asking Banerjee if he would accept service via email on behalf.[3] Dkt. No. 31-1 at 3 & Ex. 18. Not only does Banerjee conspicuously fail to acknowledge this email in his Motion, but he seems to confuse his various email accounts, expressly stating that "[o]n November 7 Plaintiff's attorney sent an email requesting if Defendant . . . would accept service via email and Defendant's "booking[@strippendales.com]" address." Mot. ¶ 14. Regardless of his confusion between his different email addresses, Banerjee's outright admission that he received undersigned counsel's November 7 email is dispositive as to actual notice. *Id.* Even had Banerjee not confirmed receipt, he attached a July 5, 2024 email he sent from his strippendales@icloud.com email address as Exhibit 6 to his Motion. This underscores his active and continued use of the strippendales@icloud.com email address. Banerjee also used this email address to previously correspond with undersigned counsel. Dkt. No. 31-1 at 6-7. The medical and personal history set forth in Banerjee's Motion do not vitiate these conclusive facts, and the Court need not accept Banerjee's conclusory assertion that he did not have actual notice in the face of his own admission that he did. *See Pickens v. Wong*, No. CV-07-1889-AG (PJW), 2008 WL 895692, at *2 (C.D. Cal. Mar. 31, 2008) (granting motion to dismiss because defendant articulated "no admissible evidence to contradict [Plaintiff's] assertion, other than his self-serving statements to the contrary").

Because Defendants had both actual and constructive notice of the lawsuit, the Court should deny the Motion on this element alone. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 282 F. App'x 554, 555 (9th Cir. 2008) (district court did not abuse discretion denying motion to set aside entry of default where defendant had actual notice of the filing of action and intentionally failed to answer).

**B.     Defendants Have No Meritorious Defenses**

Banerjee's Motion also fails on the independent ground that it states no

---

[3] As registered agent and owner of the Corporate Defendants, Banerjee's actual knowledge binds both him individually and the Corporate Defendants.

meritorious defense. *See Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) ("A party in default thus is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default.").

Banerjee's conclusory allegation that he is the owner of the Chippendales business is wholly unfounded. Banerjee has made no effort to substantiate his contention that he "is the rightful owner of" the Chippendales business and "the present entity Chippendales USA, LLC (a Delaware Corporation) does not have legal ownership of Chippendales"—nor can he. In August 2023, this Court entered judgment declaring Chippendales the rightful and exclusive owner of common law and registered rights in the CHIPPENDALES Trademarks, as acquired through a March 30, 2000 asset purchase agreement and through Chippendales's more than 20 years of exclusive and continuous use of the marks. *Chippendales USA LLC v. Jesus Jesse Banerjee*, No. 23-cv-03672 PA (PDx) (C.D. Cal. Aug. 19, 2023). Banerjee provides no further details, no supporting documentation, and no corroborating evidence to support his frivolous ownership theory, and therefore, it is not a meritorious defense to the underlying trademark infringement and unfair competition claims.

## C. Chippendales Would Be Prejudiced By Vacatur of the Court's Entry of Default

Chippendales has relied heavily upon the Court's entry of default and would be substantially prejudiced if it were set aside, forcing the parties to litigate this matter from the beginning, nearly nine months after the complaint was filed.

Banerjee has continued—brazenly— using his infringing marks, often for the same services Chippendales uses its marks to provide. Plaintiff will continue to endure the irreparable harm of a diminution of the goodwill of the CHIPPENDALES marks if default is not entered, particularly considering Banerjee has not provided the Court a single potential meritorious defense against Chippendales's trademark infringement claims. *See generally Philip Morris USA,*

1     *Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). "In addition,

2     reopening the entry of default would [] prejudice[] [Chippendales], the party without

3     fault, by requiring it to devote time and money to additional litigation." *Chrysler*

4     *Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983). After Chippendales

5     spent months and significant resources to serve Defendants and seek entry of a

6     default judgment, the Court should not allow Banerjee and the Corporate

7     Defendants to set aside the default at their own convenience.

8         Finally, Chippendales would be prejudiced by setting aside the default

9     because it would erase Chippendales' right to a timely monetary recovery for

10    litigating this case (while Defendants ignored it) and would give Banerjee more time

11    to move or hide assets. *See Franchise Holding*, 375 F.3d at 927 (agreeing that

12    plaintiff would be prejudiced because "delay in judgment would allow" HRG time

13    "to move and hide assets"). Banerjee has already demonstrated his willingness to go

14    to great lengths to avoid this case, including evading personal service and moving

15    out of state. These behaviors suggest he would likely try to avoid any judgment

16    against himself and the Corporate Defendants. Setting aside the entry of default

17    would further embolden Banerjee to conceal or relocate assets, making timely

18    recovery by Chippendales significantly more difficult.

19         Accordingly, Chippendales would be substantially prejudiced by setting aside

20    the default, and the Court should deny Banerjee's Motion on that ground.

21   **IV.**     **CONCLUSION**

22         For the foregoing reasons, the Motion should be denied.

23   //

24   //

25   //

26   //

27   //

28   //

**OPPOSITION TO MOTION TO SET ASIDE REQUEST FOR DEFAULT**
**CASE NO.: 2:23-CV-08630-PA (PDx)**                     - 20 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: July 22, 2024

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:   */s/Evan S. Nadel*
       Evan S. Nadel
       Kollin J. Zimmermann
       Marc A. Lieberstein (Admitted *pro hac vice*)
       Kristin M. Adams (Admitted *pro hac vice*)

*Attorneys for Plaintiff*
*Chippendales USA, LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Chippendales USA, LLC, certifies that this brief contains 4402 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 22, 2024          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:    */s/Evan S. Nadel*
       Evan S. Nadel
       Kollin J. Zimmermann
       Marc A. Lieberstein (Admitted *pro hac vice*)
       Kristin M. Adams (Admitted *pro hac vice*)

       *Attorneys for Plaintiff*
       *Chippendales USA, LLC*

# CERTIFICATE OF SERVICE

I, the undersigned say, I am and was at all times herein mentioned a resident of the County of Los Angeles, over the age of eighteen (18) years and not a party to the within action or proceeding. My business address is 1801 Century Park East, Suite 2300, Los Angeles, California 90067, and I am employed in the offices of Kilpatrick Townsend & Stockton, LLP by a member of the Bar of this Court at whose direction the service mentioned herein below was made.

On the date referenced below, I served the following document(s): PLAINTIFF CHIPPENDALES USA, LLC'S OPPOSITION TO MOTION TO SET ASIDE PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS upon interested parties in this action as follows:

> Christian Banerjee / Chris Bane
> Strippendales
> Strippendales, LLC
> Strippendales 69, LLC
> 2060 NE 55th Street
> Fort Lauderdale, FL 33308

[ X ] (**BY OVERNIGHT DELIVERY**)    I am readily familiar with the practice of Kilpatrick Townsend & Stockton LLP for collection and processing of documents for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express, UPS, DHL or the like, or by Express Mail via the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed on July 22, 2024 at Los Angeles, California.

*/s/Donna Boss*
DONNA BOSS

OPPOSITION TO MOTION TO SET ASIDE REQUEST FOR DEFAULT
CASE NO.:  2:23-CV-08630-PA (PDx)                                          - 23 -