CHRIS BANE, pro se
STRIPPENDALES
STRIPPENDALES, LLC
STRIPPENDALES 69, LLC
2060 NE 55th Street
Fort Lauderdale, FL 33308
strippendalesfl@gmail.com

**FILED**
CLERK, U.S. DISTRICT COURT
07/29/24
CENTRAL DISTRICT OF CALIFORNIA
BY: ASH DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CHIPPENDALES USA, LLC,

*Plaintiff,*

v.

CHRISTIAN W. BANERJEE, STRIPPENDALES CORPORATION, STRIPPENDALES LLC, and STRIPPENDALES69, LLC,

*Defendants.*

Case No. 2:23-cv-08630-PA-PD
*Hon. Judge Percy Anderson*

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS**

Filed: October 12, 2023

Defendant, Chris Bane (Formerly known as Christian W. Banerjee), individually, Strippendales Corporation, Strippendales LLC and Strippendales69, LLC, submits their Reply to Plaintiff's Opposition to the Motion to Set Aside Plaintiff's Request for Entry of Default filed by Defendants.

**I. INTRODUCTION:**

The Court should grant Defendant's Motion to Set Aside Plaintiff's Request for Entry of Default Against Defendants due to the following;

(1) Plaintiff has failed to serve notice of the federal summons with the Complaint

(2) Plaintiff intentionally failed to include the Summons with the Complaint, Plaintiff impeded on Defendant's ability to timely submit a response in compliance with the court

(3) Plaintiff knowingly has failed to serve Defendant as an Individual, is a misnomer, erroneously sued and served as, "CHRISTIAN W. BANERJEE" as this is not Defendant's legal name. *Jerry L. Barth, Petitioner, v. Bank of America, N.A., Respondent* No. 13-08-00612-CV (Tex. App. Oct. 17, 2013) (whereas this case identifies BOA as a misnomer, however, allows Plaintiff to amend their filing). *In re Greater Houston Orthopaedic Specialists, Inc.*, 295

S.W.3d 323, 325 (Tex.2009) (As long as it is not misleading, courts generally allow parties to correct a misnomer so long as it is not misleading). *Chilkewitz v. Hyson*, 22 S.W.3d 825 (Tex. 1999) (Court of Appeals renders judgment in favor of Hyson based on limitations).

(4) Defendants have meritorious defenses and Plaintiff is aware of such defenses as proven in their attempt to disallow Defendant to provide their defenses. Defendants will provide such defenses as they file their Response to the Complaint

(5) Plaintiff's states they would be prejudiced if the Court's entry of default was set aside, however, Defendant has a right to submit his evidence and defense to the court without the interference of the Plaintiff through their attempts to circumvent the court system, and not serve the Defendant legally.

Defendants were not properly served nor completed by March 15, 2024. Plaintiff failed to serve Defendant individually by his legal name. Plaintiff made no attempt to correct their failed process of service to Defendant Chris Bane. Chippendale's failure to use of Defendant's legal name has also failed in compliance to properly serve all three entities as each entity's Agent is listed as Chris Bane as updated with the California Secretary of State in 2022. All four service of process(s) are defective and incomplete.

(1) Defendant, Chris Bane, since his legally name change on January 20, 2022, within the last two years, is still in the process of updating all his legal and medical records. Defendant, Chris Bane has updated any and all pending lawsuits to his current legal name. Plaintiff on two occasions, by his own sources, submitted to this court and as re-stated by the Defendant, has had knowledge of Defendant's legal name change.

(2) Plaintiff contends that Chris Bane uses aliases, however, as a professional actor/dancer/performer/bodybuilder, it is not uncommon for such professional to have stage names as well as multiple social media accounts which require different versions of names when hosting more than one account.

(3) Defendant Chris Bane was not served Plaintiff's Summons to the Complaint as mailed.

(4) Defendant Chris Bane, at the time, and Plaintiff was well aware, was homeless, without a computer, printer, or office, was not able to receive Service of Process electronically at strippendales@icloud.com and communicated to the Plaintiff that he could not receive electronic service at this address and Plaintiff had no objection. However, Plaintiff did not

follow Defendants process to serve him at his Florida address or email at strippendalesfl@gmail.com.

(5) Plaintiff in same action, rejected Chris Bane's fka Christian Banerjee's service of process on Kevin Denberg of Chippendales USA, LLC. On October 13, 2023, Marc Lieberstein in his email stated;

> "I/we do not represent Kevin Denberg. I/we continue to represent Chippendales in connection with the demand letter sent to you earlier this year. But I am not authorized to accept service of a complaint/lawsuit/pleading on behalf of Chippendales, and I will not accept service. Please consult with an attorney regarding how to effect service."

However, the Plaintiff then uses the alternative argument against the Defendant in this complaint. Plaintiff is contradictory since in this lawsuit he must accept electronic/physical pleadings from Defendant on behalf of Chippendales.

At no time in his October 13, 2023 email does Marc Lieberstein state that a lawsuit has been filed against Chris Bane, nor the defendants just the day prior, on October 12, 2023. Marc Lieberstein then waits until November 7, 2023, twenty-six days, to send another email to "Bane Strippendale", which Chris Bane is unable to open any and all attachments. Exh 1.

(6) Plaintiff's Service of Process must serve the individual by their legal name, Chris Bane, a misnomer, which they failed to complete, failed to file an amended complaint within 21 days, resulting in insufficient process and insufficient service of process per Rule 12 (b) (4) and (5) of the Federal Rule of Civil Procedure.

(7) Plaintiff failed to Amend his complaint within 21 days from the day of original complaint to cure misnomer. Rule 15 of the Federal Rules of Civil Procedure.

(8) Plaintiff's Service of Process is insufficient as it must serve the Corporate/LLC entities by their respective Agent and/or corporate officer as listed on the California SOS. Plaintiff only attempted to serve the entities; Strippendales, Strippendales, LLC and Strippendales69, LLC and failed to list their registered agent and/or corporate officer. This constitutes failure to serve the officers per Rule 4 of the Federal Rules of Civil Procedure.

(9) Plaintiff's Service of Process through the state of California is defective to and insufficient process and service of process wit; Failed to serve the entities' Agent/and or corporate officers for service, instead served at a prior address of a personal resident whom is a non-agent, non-employee, non-representative, of Strippendales. Before then, as of November

2023, Chippendales has been provided with an updated physical and electric addresses to be served, however, failed and refuses to do so.

Chippendales must sue the entity correctly and person by their proper name and entity and not have the court "interpret" whom they intended to sue. Chippendales must follow the Federal Rules of Civil Procedures and are not exempt. Defendant did not intentionally avoid service, in fact attempted in good faith to cooperate in several ways. Plaintiff chose to masquerade their attempts, and avoid Defendant's instructions in order to gain a default judgment. In doing so, the Service of Process was defective, incomplete and insufficient;

(1) Plaintiff failed to serve Defendant and used an incorrect name, a misnomer, did not serve him under his legal name, and did not amend their complaint which constitutes insufficient service of process.

(2) Plaintiff failed to notice the Agent of Record, corporate officer, for the three Strippendales entities, per Rule 4 of the Federal Rules of Civil Procedure

(3) At the time, Plaintiff was fully knowledgeable that Defendant had suffered a severe personally injury, was unable to accept nor respond to a lawsuit, without legal counsel and was homeless, nor did Plaintiff use Defendant's alternative contact methods. Ex. 4 pg.8

(4) At no time did the Plaintiff request from Defendant how to serve Defendant, however, the Defendant clearly states his Agent on the California SOS and provides the contact instructions on his business website https://strippendales.com/contact. Ex 4. Pg 8.

Defendants have a meritorious defense on the trademarks ownership and against the allegations made by Chippendales against the Defendant. Plaintiff states that Defendant has no legal standing in regards to the ownership of Chippendales, its trademarks and his arguments are baseless, however, Plaintiff is aware that Defendant has yet to submit to this court his arguments and defenses. Plaintiff is weaponizing themselves against the Defendant and using nefarious tactics to take advantage of Defendant's past situation and avoid proper service instead submits to this court their insufficient service of process.

Plaintiff continues cause confusion the Defendant in this case, Chris Bane, with another case Chippendales has against a Jesus Jesse Banerjee. Chippendales also misrepresents and asserts they have won a case for Chippendales marks in Chippendales USA, LLC. v. Jesus Jesse Banerjee, No 23-cv-03672 PA (PDx) (C.D. Cal. Aug. 19. 2023), however, this case has been appealed in the U.S. Court of Appeals, Nineth Circuit, 24-3542. Plaintiff knowingly has misstated the facts to gain legal leverage and the appearance they have won matters in trademark

ownership where they have not. With this, Plaintiff is known and has a history of using methods of coercion and intimidation to other businesses in this professional industry.

Defendants intend on respectfully submitting to this court the evidence showing why this case should continue. Defendants have submitted valid reasons why the service of process was defective and insufficient and why the Defendants should be allowed to file his Responses to this Complaint.

Defendants do not assert that he has ownership of the newly created and current entity Chippendales USA, LLC (a Delaware Corporation). However, Defendants dispute its operational validity to legally operate the business model, legal permissions and licensing agreements by the original business established by Easebe and Somen “Steve” Banerjee’s Chippendales. Defendant’s dispute that Plaintiff holds, the right to use and enforcement of Trademarks and Copyrights they allegedly claim to own.

Defendant’s have clearly demonstrated that the Default Judgment should be set aside.

## II. FACTUAL BACKGROUND

Chippendales, is an entity created and owned by Easebe Enterprises, Inc. Easebe was founded by Somen “Steve” Banerjee in 1979, Chris Bane’s natural father. Currently, in a separate court matter, Chris Bane is challenging and establishing that he is the rightful owner of Easebe. Chris Bane has knowledge and information prudent to this case to establish that the present entity Chippendales USA, LLC (a Delaware Corporation) does not have legal authorization to operate as Chippendales nor ownership of trademarks. Chris Bane is not the sole Member of Strippendales.

Defendant’s legal identity is Chris Bane, changed from Christian W. Banerjee in the court of law on January 20, 2022. This was discovered by the Plaintiff by Anna Antonova on April 4, 2024 and their own private investigator David Vacca on December 11, 2023. Prior to this suit, Plaintiff should have seen the Defendant’s name as listed as Agent for his entities on the California SOS since 2022 prior to filing this suit. Defendant is a professional entertainer and has a number of stage names as well as names of various social media accounts to include; Bane Diesel, Bane Chippendale, Bane Strippendale and formerly known as Christian Banerjee. These stage names are not aliases as he has not opened up credit accounts, formal employment, educational purposes, etc. and are not used outside his field of entertainment. Just like an actor assumes a “character name” for a role, this does not become his alias.

Defendant was homeless, without a physical address, living in out of his vehicle (a 2007 Chevy Suburban) various hotels, short-term or daily rentals found on craigslist, temporary stays or visits at friend's homes, etc. since he had ruptured both of his pectorals and was undergoing four separate surgeries. Chippendales did not make extensive or repeated efforts, however, wishes to present so to the courts that they have:

(1) At no time did Chippendales serve Defendant by Defendant's name which was updated on the California SOS website in 2022 over a year prior to this lawsuit. Plaintiff states that Banerjee is the Agent of record for all three entities, however, Plaintiff mis-represents this information. Chris Bane is the agent of record for all three entities since 2022.

(2) At no time did Chippendales request from Defendant which address or how to Serve Defendant, fully knowing he was in physical and mental duress and took advantage of his situation, however, Plaintiff was provided with this information in November 2023,

(3) At no time while on Defendant's https://Strippendales.com website did they utilize the "contact us" tab and see that Defendant had an email address for his managing member for all pr/legal concerns at: strippendalesfl@gmail.com, nor attempt to contact the member at their phone number (954) 504-3591. Ex. 4 pg. 8

(4) Plaintiff claims to have had a private investigator trailing Defendant during the period of October through December 2023 when a second attempt was made on his life and he was unable to attend a court appearance and received anonymous phone calls not to appear.

(5) Since Defendant has provided his address to Chippendales through this court, mysterious and questionable events have occurred at this location from dead animals being left on the property to unidentified, suspicious people ringing the door and waiting in their vehicle to see who comes to the door,

(6) At no time did Plaintiff's private investigator call Defendant on his personal cell number in attempt to serve him.

(7) At no time did Plaintiff's private investigator call Defendant's business and ask how to serve him.

(8) At no time did Plaintiff, nor their private investigator, knowing fully well that Defendant was an "online for hire exotic dancer/stripper", attempt to book him individually for a job and serve him with paperwork.

(9) At no time did Plaintiff's private investigator contact his business and ask when Defendant may be performing live and attempt to serve him. Ex. 4, pg 8.

(10) At no time did Plaintiff, nor their private investigator, attempt to serve Defendant at his numerous doctor's appointments which he had posted in his social media accounts which were heavily monitored by the Plaintiff.

(11) At no time did Plaintiff, nor their private investigator, contact Defendant's business number and request how to get ahold of the entity's agent to attempt to serve them with a Summons and Complaint.

Either Plaintiff's private investigator is an inept amateur and incompetent or his display of efforts is "just for show" so Plaintiff can persuade the court that they have made an effort to serve Defendant but have blatantly ignored his instructions on receiving proper service.

Defendants has not evaded service when there were multiple, simple and obvious avenues available to serve Defendants properly and legally, however, it was never the intention of the Plaintiff to properly serve the Defendants but rather chose to circumvent Defendant's rights and attempt to obtain a default judgement against Defendants. Plaintiff maliciously took advantage of the Defendant's situation knowing that he was without a permanent, servable address in California and only hosting an online business, disregarding the contact methods as aforementioned to serve him and chose to use the California Secretary of State knowing that the addresses were not severable. The California Secretary of State service of process was defective and insufficient by;

(1) Failure to serve the Registered Agent, or corporate officer, Chris Bane, per Rule 4 of the Federal Rues of Civil Procedure constitutes an insufficient process and insufficient service of process per Rule 12 (b) (4) and (5) of Federal Rules of Civil Procedure

(2) Serviced a non-member, non-employee, non-representative, non-officer, per Rule 4 of the Federal Rules of Civil Procedure and constitutes an insufficient process and insufficient service of process per Rule 12 (b) (4) and (5) of the Federal Rules of Civil Procedure

Plaintiff's notice by publication is defective and insufficient since again,

(1) Plaintiff wrongfully and failed to name the Defendant as the party in the lawsuit as Christian Banerjee and not his legal name Chris Bane,

(2) Plaintiff failed to notice the Agent for the three entities per Rule 4 of the Federal Rules of Civil Procedure

(3) Plaintiff had full knowledge Defendant was homeless, and without proper electronic devices or access to

(4) Plaintiff was in full knowledge of Defendant's physical and mental anguish due to injuries and seeking medical treatment including surgery scheduled for March 13, 2024. Ex. 3. Pg. 6.

Plaintiff asserts that he served Defendant on November 7, 2023, by his email, however, Defendant was without a computer, printer, internet service. Defendant then called Plaintiff's office and informed Plaintiff he was unable to receive service by this email and the Defendant's name did not appear on the Complaint. Defendant informed the Plaintiff where to email the Defendant at strippendalesfl@gmail.com and the Plaintiff never responded to his phone call. Defendant was in physical anguish and seeking medical treatment and homeless.

Chris Bane is a known public figure as "Christian Banerjee". His father, Somen "Steve" Banerjee was the founder and creator of the Chippendales male revue established under the entity of Easebe and Chippendales. Chris Bane due to his lineage to Somen Banerjee, continues uses the name Christian Banerjee on stage and appearances to continue his association to his deceased father while conducting documentaries and future television productions. In his legal capacity, Defendant, Chris Bane continues to use his newly established name as in day-to-day life as he wishes to maintain anonymity. This should bring clarification to the courts and it is not the choice of the Plaintiff to chose his legal identity over his production career. Numerous Hollywood actors have "stage names" versus their legal names as it is known in the business. Plaintiff wrongfully asserts and makes a false allegation that the Defendant's name was not changed, "allegedly granted" and "conflicting misrepresentation", however, this is established by; (1) the California SOS legal Agent, (2) the testimony of their own colleague Anna Antonova on April 24, 2024 and (3) previously informed by their own third-party private investigator David Vacca on December 11, 2023.

The court order confirming service on all Defendants was complete on April 1, 2024 was appealed by Defendant when Defendant's submitted his Motion to Set Aside Plaintiff's Request for Entry of Default Judgment against Defendant with his defenses of insufficient service. Defendant, entered into record that he is Chris Bane, attended the June 3, 2024 hearing and respectfully submitted his Motion to Set Aside Plaintiff's Default Against Defendants.

## III. ARGUMENT

Rule 55. Default; Default Judgment (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. If the party against whom a default judgment is sought

has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. Plaintiff failed to serve Defendant with written notice of their Motion for Default and Default Judgment. Defendant was informed by a third-party reporter that found his name on the internet and contacted him and asked how he was going to address his upcoming court hearing on June 3, 2023.

Plaintiff's application of Rule 55(c) applies c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Defendant, Chris Bane's culpable conduct has not lead to the default. Plaintiff intentionally effected insufficient service on Defendant by circumventing Defendant's instructions to receive service. Plaintiff is maliciously using the court and the Defendant's circumstances to prevent Defendant from entering his evidences in defense. Chippendales would not be prejudiced as no hearings on the matter of the evidence to be submitted has been established. It would be good cause for the court to set aside Plaintiff's motion for default and default judgment in favor of Defendant.

**A. Banerjee's Culpable Conduct Led to The Default**

Defendant denies that the allegation that any action of the Defendant was culpable conduct. Defendant, individually, has not been named in this lawsuit. Defendants have not been sufficiently served in this lawsuit. Defendant has had two attempts on his life. Defendant did not receive a Summons from the Plaintiff. Defendant was unable to retrieve a 28 page Complaint in a PDF format as Plaintiff states he has emailed to him on his iphone at an improper email address. When forwarded the email to a friend to open the PDF attachments they were not openable. Chris Bane was without electronic devices; a computer, printer and internet connection. Plaintiff knew he was homeless at the time and operating only an online business

with no physical address except for an out of state address as provided to Plaintiff. Google maps states that the location of Strippendales.com is "permanently closed" as it is only an online business. Defendant had only an iphone, only capable to responding to short emails, not viewing large PDF files. Defendant established an email address strippendalesfl@gmail.com with his manager, to receive any and all legal/pr correspondence. On, April 5, 2023, Defendant had an attempt on his life and sustained permanent injuries to his hands which has now made it difficult to operate his iphone, computers, etc. Plaintiff had full knowledge that Defendant was under physical and mental duress due to his injuries and homelessness as it is posted on all of his social media which Plaintiff closely monitors. Plaintiff failed in their due diligence to attempt to contact Defendants via their website, or telephone or other methods established earlier here to properly serve Defendant. Ex. 4, pg 8.

Federal Rules of Civil Procedure: Rule 5. Serving and Filing Pleadings and Other Papers (b) Service: How Made.(1) *Serving an Attorney.* If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party. Plaintiff states that the rules of California Code of Civil Procedure does not apply, however, Plaintiff failed to follow the Federal Rules of Civil Procedure. Plaintiff did not personally serve Defendant. Plaintiff did not leave the Summons and Complaint at the person's office, person in charge or conspicuous space because Defendant has an online business and was homeless at the time. Defendant established a physical location in Florida and provided such information to Plaintiff. Plaintiff was with knowledge that Defendant was homeless and made no attempt to coordinate a service of process at the Florida address. Defendant's legal name change and it was posted on the California SOS which Plaintiff refuses to utilize as well as two of their own colleagues have informed Plaintiff. Defendant has a valid complaint against Plaintiff. Plaintiff has proven to pretend to avoid servicing Defendant but not using direct, obvious methods which have been provided to the Plaintiff and an attempt has been made on Defendant's life during the time the Plaintiff has been "attempting to locate him".

**Plaintiff in their motion of Opposition electronically on July 22, 2024, but again, failed to notice Defendant electronically at strippendalesfl@gmail.com. Then sent a copy of their response by overnight Fedex on the 23rd of July for delivery on the 24th. The Defendant had only 8 days to respond to Plaintiff's opposition, Plaintiff's intentional actions has now reduced Defendant's response to 6 days. Again, Plaintiff's are using**

# EXHIBIT 1

Sent from my iPhone

Begin forwarded message:

**From:** "Lieberstein, Marc" <MLieberstein@kilpatricktownsend.com>
**Date:** November 7, 2023 at 3:35:01 PM EST
**To:** Bane Strippendale <strippendales@icloud.com>
**Cc:** "Nadel, Evan" <ENadel@kilpatricktownsend.com>
**Subject: Chippendales Complaint**

Christian, my firm represents Chippendales in connection with a lawsuit filed in the Central District of California on October 12, 2023. The lawsuit names as defendants Strippendales Corp., Strippendales69 LLC, Strippendales LLC, and you in your individual capacity. Rather than have a process server serve you the summons and complaint by hand, will you please accept service of the attached summons and complaint on behalf of all defendants via email? Please reply with a yes or no.

**Marc Lieberstein**
**Kilpatrick Townsend & Stockton LLP**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8781 | cell 516 728 1534 | fax 212 937 3842
mlieberstein@kilpatricktownsend.com | My Profile | vCard

---

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

---

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

<2023.10.13 Dkt. 14 Issued Summons to Banerjee.pdf> <2023.10.13 Dkt. 14-3 Issued Summons to Strippendales69 LLC.pdf><2023.10.13 Dkt. 14-1 Issued Summons to Strippendales Corp..pdf> <2023.10.13 Dkt. 14-2 Issued Summons to Strippendales LLC.pdf> <2023.10.12 Dkt. 01 Complaint.pdf>

# EXHIBIT 2


ORIGIN ID:CIBA (310) 248-3830
DONNA BOSS
KILPATRICK TOWNSEND & STOCKTON LLP
1801 CENTURY PARK EAST
SUITE 2300
LOS ANGELES, CA 90067
UNITED STATES US
SHIP DATE: 22JUL24
ACTWGT: 0.50 LB
CAD: 253852184/WSXI3600
BILL SENDER
TO CHRISTIAN BANERJEE
STRIPPENDALES, ET AL.
2060 NE 55TH ST
FORT LAUDERDALE FL 33308
(310) 777-3761
INV:
PO:
REF: 061176.1390384-11445
DEPT:
FedEx Express
E
TUE - 23 JUL 10:30A
PRIORITY OVERNIGHT
TRK# 0201 2773 7456 4836
33308
XG HWOA
FL-US FLL

# EXHIBIT 3

UCI Health

July 25, 2024

# UCI Health

**Dean Wang, MD**
Associate Professor
Chief, Division of Sports Medicine
Department of Orthopaedic Surgery
License # A124076
714-456-7002 (Irvine)
949-398-1440 (Costa Mesa)

07/25/24

**Chris Bane**
**2060 N East 55 St**
**FORT LAUDERDALE, FL 33308**

Chris has been under my care and recovering from surgery. He will continue to have the following restrictions with work:
Unable to perform pressing activities
Unable to perform heavy lifting
Unable to perform male stripping/body building activities

Nature of illness or injury: Left Pectoralis Injury

If you have any questions or concerns, please contact our office at 714-456-7012. Thank you.

Sincerely,

**Dean Wang, MD**
Orthopaedic Surgery & Sports Medicine
Chief, Division of Sports Medicine
Department of Orthopaedic Surgery
UCI Health
deanwangmd.com

UCI PAVILION 3 ORTHOPAEDIC SURGERY
101 THE CITY DRIVE SOUTH
ORANGE CA 92868-3201
TEL: 714-456-7012