CHRIS BANE, pro se
STRIPPENDALES
STRIPPENDALES, LLC
STRIPPENDALES 69, LLC
2060 NE 55th Street
Fort Lauderdale, FL 33308
strippendalesfl@gmail.com

```
┌─────────────────────────────────────┐
│              FILED                   │
│   CLERK, U.S. DISTRICT COURT         │
│   ┌─────────────────────────────┐    │
│   │                             │    │
│   │        07/29/24             │    │
│   │                             │    │
│   └─────────────────────────────┘    │
│  CENTRAL DISTRICT OF CALIFORNIA      │
│  BY: _____ASH_____ DEPUTY          │
└─────────────────────────────────────┘
```

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CHIPPENDALES USA, LLC,

  *Plaintiff,*

v.

CHRISTIAN W. BANERJEE,
STRIPPENDALES CORPORATION,
STRIPPENDALES LLC, and
STRIPPENDALES69, LLC,

  *Defendants.*

Case No. 2:23-cv-08630-PA-PD
*Hon. Judge Percy Anderson*

**DEFENDANT'S REPLY TO
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO SET
ASIDE PLAINTIFF'S REQUEST
FOR ENTRY OF DEFAULT
AGAINST DEFENDANTS**

Filed:  October 12, 2023

  Defendant, Chris Bane (Formerly known as Christian W. Banerjee), individually, Strippendales Corporation, Strippendales LLC and Strippendales69, LLC, submits their Reply to Plaintiff's Opposition to the Motion to Set Aside Plaintiff's Request for Entry of Default filed by Defendants.

## I. INTRODUCTION:

  The Court should grant Defendant's Motion to Set Aside Plaintiff's Request for Entry of Default Against Defendants due to the following;

  (1) Plaintiff has failed to serve notice of the federal summons with the Complaint

  (2) Plaintiff intentionally failed to include the Summons with the Complaint, Plaintiff impeded on Defendant's ability to timely submit a response in compliance with the court

  (3) Plaintiff knowingly has failed to serve Defendant as an Individual, is a misnomer, erroneously sued and served as, "CHRISTIAN W. BANERJEE" as this is not Defendant's legal name. *Jerry L. Barth, Petitioner, v. Bank of America, N.A., Respondent* No. 13-08-00612-CV (Tex. App. Oct. 17, 2013) (whereas this case identifies BOA as a misnomer, however, allows Plaintiff to amend their filing). *In re Greater Houston Orthopaedic Specialists, Inc.,* 295

S.W.3d 323, 325 (Tex.2009) (As long as it is not misleading, courts generally allow parties to correct a misnomer so long as it is not misleading). *Chilkewitz v. Hyson*, 22 S.W.3d 825 (Tex. 1999) (Court of Appeals renders judgment in favor of Hyson based on limitations).

(4) Defendants have meritorious defenses and Plaintiff is aware of such defenses as proven in their attempt to disallow Defendant to provide their defenses. Defendants will provide such defenses as they file their Response to the Complaint

(5) Plaintiff's states they would be prejudiced if the Court's entry of default was set aside, however, Defendant has a right to submit his evidence and defense to the court without the interference of the Plaintiff through their attempts to circumvent the court system, and not serve the Defendant legally.

Defendants were not properly served nor completed by March 15, 2024. Plaintiff failed to serve Defendant individually by his legal name. Plaintiff made no attempt to correct their failed process of service to Defendant Chris Bane. Chippendale's failure to use of Defendant's legal name has also failed in compliance to properly serve all three entities as each entity's Agent is listed as Chris Bane as updated with the California Secretary of State in 2022. All four service of process(s) are defective and incomplete.

(1) Defendant, Chris Bane, since his legally name change on January 20, 2022, within the last two years, is still in the process of updating all his legal and medical records. Defendant, Chris Bane has updated any and all pending lawsuits to his current legal name. Plaintiff on two occasions, by his own sources, submitted to this court and as re-stated by the Defendant, has had knowledge of Defendant's legal name change.

(2) Plaintiff contends that Chris Bane uses aliases, however, as a professional actor/dancer/performer/bodybuilder, it is not uncommon for such professional to have stage names as well as multiple social media accounts which require different versions of names when hosting more than one account.

(3) Defendant Chris Bane was not served Plaintiff's Summons to the Complaint as mailed.

(4) Defendant Chris Bane, at the time, and Plaintiff was well aware, was homeless, without a computer, printer, or office, was not able to receive Service of Process electronically at strippendales@icloud.com and communicated to the Plaintiff that he could not receive electronic service at this address and Plaintiff had no objection. However, Plaintiff did not

follow Defendants process to serve him at his Florida address or email at strippendalesfl@gmail.com.

(5) Plaintiff in same action, rejected Chris Bane's fka Christian Banerjee's service of process on Kevin Denberg of Chippendales USA, LLC. On October 13, 2023, Marc Lieberstein in his email stated;

> "I/we do not represent Kevin Denberg. I/we continue to represent Chippendales in connection with the demand letter sent to you earlier this year. But I am not authorized to accept service of a complaint/lawsuit/pleading on behalf of Chippendales, and I will not accept service. Please consult with an attorney regarding how to effect service."

However, the Plaintiff then uses the alternative argument against the Defendant in this complaint. Plaintiff is contradictory since in this lawsuit he must accept electronic/physical pleadings from Defendant on behalf of Chippendales.

At no time in his October 13, 2023 email does Marc Lieberstein state that a lawsuit has been filed against Chris Bane, nor the defendants just the day prior, on October 12, 2023. Marc Lieberstein then waits until November 7, 2023, twenty-six days, to send another email to "Bane Strippendale", which Chris Bane is unable to open any and all attachments. Exh 1.

(6) Plaintiff's Service of Process must serve the individual by their legal name, Chris Bane, a misnomer, which they failed to complete, failed to file an amended complaint within 21 days, resulting in insufficient process and insufficient service of process per Rule 12 (b) (4) and (5) of the Federal Rule of Civil Procedure.

(7) Plaintiff failed to Amend his complaint within 21 days from the day of original complaint to cure misnomer. Rule 15 of the Federal Rules of Civil Procedure.

(8) Plaintiff's Service of Process is insufficient as it must serve the Corporate/LLC entities by their respective Agent and/or corporate officer as listed on the California SOS. Plaintiff only attempted to serve the entities; Strippendales, Strippendales, LLC and Strippendales69, LLC and failed to list their registered agent and/or corporate officer. This constitutes failure to serve the officers per Rule 4 of the Federal Rules of Civil Procedure.

(9) Plaintiff's Service of Process through the state of California is defective to and insufficient process and service of process wit; Failed to serve the entities' Agent/and or corporate officers for service, instead served at a prior address of a personal resident whom is a non-agent, non-employee, non-representative, of Strippendales. Before then, as of November

2023, Chippendales has been provided with an updated physical and electric addresses to be served, however, failed and refuses to do so.

Chippendales must sue the entity correctly and person by their proper name and entity and not have the court "interpret" whom they intended to sue.   Chippendales must follow the Federal Rules of Civil Procedures and are not exempt.  Defendant did not intentionally avoid service, in fact attempted in good faith to cooperate in several ways. Plaintiff chose to masquerade their attempts, and avoid Defendant's instructions in order to gain a default judgment.  In doing so, the Service of Process was defective, incomplete and insufficient;

(1)     Plaintiff failed to serve Defendant and used an incorrect name, a misnomer, did not serve him under his legal name, and did not amend their complaint which constitutes insufficient service of process.

(2)     Plaintiff failed to notice the Agent of Record, corporate officer, for the three Strippendales entities, per Rule 4 of the Federal Rules of Civil Procedure

(3)     At the time, Plaintiff was fully knowledgeable that Defendant had suffered a severe personally injury, was unable to accept nor respond to a lawsuit, without legal counsel and was homeless, nor did Plaintiff use Defendant's alternative contact methods. Ex. 4 pg.8

(4)     At no time did the Plaintiff request from Defendant how to serve Defendant, however, the Defendant clearly states his Agent on the California SOS and provides the contact instructions on his business website https://strippendales.com/contact.  Ex 4. Pg 8.


Defendants have a meritorious defense on the trademarks ownership and against the allegations made by Chippendales against the Defendant.   Plaintiff states that Defendant has no legal standing in regards to the ownership of Chippendales, its trademarks and his arguments are baseless, however, Plaintiff is aware that Defendant has yet to submit to this court his arguments and defenses.   Plaintiff is weaponizing themselves against the Defendant and using nefarious tactics to take advantage of Defendant's past situation and avoid proper service instead submits to this court their insufficient service of process.

Plaintiff continues cause confusion the Defendant in this case, Chris Bane, with another case Chippendales has against a Jesus Jesse Banerjee.   Chippendales also misrepresents and asserts they have won a case for Chippendales marks in Chippendales USA, LLC. v. Jesus Jesse Banerjee, No 23-cv-03672 PA (PDx) (C.D. Cal. Aug. 19. 2023), however, this case has been appealed in the U.S. Court of Appeals, Nineth Circuit, 24-3542.  Plaintiff knowingly has misstated the facts to gain legal leverage and the appearance they have won matters in trademark

ownership where they have not.  With this, Plaintiff is known and has a history of using methods of coercion and intimidation to other businesses in this professional industry.

Defendants intend on respectfully submitting to this court the evidence showing why this case should continue.  Defendants have submitted valid reasons why the service of process was defective and insufficient and why the Defendants should be allowed to file his Responses to this Complaint.

Defendants do not assert that he has ownership of the newly created and current entity Chippendales USA, LLC (a Delaware Corporation).  However, Defendants dispute its operational validity to legally operate the business model, legal permissions and licensing agreements by the original business established by Easebe and Somen "Steve" Banerjee's Chippendales.  Defendant's dispute that Plaintiff holds, the right to use and enforcement of Trademarks and Copyrights they allegedly claim to own.

Defendant's have clearly demonstrated that the Default Judgment should be set aside.

## II.    FACTUAL BACKGROUND

Chippendales, is an entity created and owned by Easebe Enterprises, Inc.  Easebe was founded by Somen "Steve" Banerjee in 1979, Chris Bane's natural father.  Currently, in a separate court matter, Chris Bane is challenging and establishing that he is the rightful owner of Easebe.  Chris Bane has knowledge and information prudent to this case to establish that the present entity Chippendales USA, LLC (a Delaware Corporation) does not have legal authorization to operate as Chippendales nor ownership of trademarks.   Chris Bane is not the sole Member of Strippendales.

Defendant's legal identity is Chris Bane, changed from Christian W. Banerjee in the court of law on January 20, 2022.  This was discovered by the Plaintiff by Anna Antonova on April 4, 2024 and their own private investigator David Vacca on December 11, 2023.  Prior to this suit, Plaintiff should have seen the Defendant's name as listed as Agent for his entities on the California SOS since 2022 prior to filing this suit.  Defendant is a professional entertainer and has a number of stage names as well as names of various social media accounts to include; Bane Diesel, Bane Chippendale, Bane Strippendale and formerly known as Christian Banerjee. These stage names are not aliases as he has not opened up credit accounts, formal employment, educational purposes, etc. and are not used outside his field of entertainment.  Just like an actor assumes a "character name" for a role, this does not become his alias.

Defendant was homeless, without a physical address, living in out of his vehicle (a 2007 Chevy Suburban) various hotels, short-term or daily rentals found on craigslist, temporary stays or visits at friend's homes, etc. since he had ruptured both of his pectorals and was undergoing four separate surgeries. Chippendales did not make extensive or repeated efforts, however, wishes to present so to the courts that they have:

(1)     At no time did Chippendales serve Defendant by Defendant's name which was updated on the California SOS website in 2022 over a year prior to this lawsuit. Plaintiff states that Banerjee is the Agent of record for all three entities, however, Plaintiff mis-represents this information. Chris Bane is the agent of record for all three entities since 2022.

(2)     At no time did Chippendales request from Defendant which address or how to Serve Defendant, fully knowing he was in physical and mental duress and took advantage of his situation, however, Plaintiff was provided with this information in November 2023,

(3)     At no time while on Defendant's https://Strippendales.com website did they utilize the "contact us" tab and see that Defendant had an email address for his managing member for all pr/legal concerns at: strippendalesfl@gmail.com, nor attempt to contact the member at their phone number (954) 504-3591. Ex. 4 pg. 8

(4)     Plaintiff claims to have had a private investigator trailing Defendant during the period of October through December 2023 when a second attempt was made on his life and he was unable to attend a court appearance and received anonymous phone calls not to appear.

(5)     Since Defendant has provided his address to Chippendales through this court, mysterious and questionable events have occurred at this location from dead animals being left on the property to unidentified, suspicious people ringing the door and waiting in their vehicle to see who comes to the door,

(6)     At no time did Plaintiff's private investigator call Defendant on his personal cell number in attempt to serve him.

(7)     At no time did Plaintiff's private investigator call Defendant's business and ask how to serve him.

(8)     At no time did Plaintiff, nor their private investigator, knowing fully well that Defendant was an "online for hire exotic dancer/stripper", attempt to book him individually for a job and serve him with paperwork.

(9)     At no time did Plaintiff's private investigator contact his business and ask when Defendant may be performing live and attempt to serve him. Ex. 4, pg 8.

(10)     At no time did Plaintiff, nor their private investigator, attempt to serve Defendant at his numerous doctor's appointments which he had posted in his social media accounts which were heavily monitored by the Plaintiff.

(11)     At no time did Plaintiff, nor their private investigator, contact Defendant's business number and request how to get ahold of the entity's agent to attempt to serve them with a Summons and Complaint.

Either Plaintiff's private investigator is an inept amateur and incompetent or his display of efforts is "just for show" so Plaintiff can persuade the court that they have made an effort to serve Defendant but have blatantly ignored his instructions on receiving proper service.

Defendants has not evaded service when there were multiple, simple and obvious avenues available to serve Defendants properly and legally, however, it was never the intention of the Plaintiff to properly serve the Defendants but rather chose to circumvent Defendant's rights and attempt to obtain a default judgement against Defendants.  Plaintiff maliciously took advantage of the Defendant's situation knowing that he was without a permanent, servable address in California and only hosting an online business, disregarding the contact methods as aforementioned to serve him and chose to use the California Secretary of State knowing that the addresses were not severable.  The California Secretary of State service of process was defective and insufficient by;

(1)     Failure to serve the Registered Agent, or corporate officer, Chris Bane, per Rule 4 of the Federal Rues of Civil Procedure constitutes an insufficient process and insufficient service of process per Rule 12 (b) (4) and (5) of Federal Rules of Civil Procedure

(2)     Serviced a non-member, non-employee, non-representative, non-officer, per Rule 4 of the Federal Rules of Civil Procedure and constitutes an insufficient process and insufficient service of process per Rule 12 (b) (4) and (5) of the Federal Rules of Civil Procedure

Plaintiff's notice by publication is defective and insufficient since again,

(1)     Plaintiff wrongfully and failed to name the Defendant as the party in the lawsuit as Christian Banerjee and not his legal name Chris Bane,

(2)     Plaintiff failed to notice the Agent for the three entities per Rule 4 of the Federal Rules of Civil Procedure

(3)     Plaintiff had full knowledge Defendant was homeless, and without proper electronic devices or access to

(4)      Plaintiff was in full knowledge of Defendant's physical and mental anguish due to injuries and seeking medical treatment including surgery scheduled for March 13, 2024. Ex. 3. Pg. 6.

Plaintiff asserts that he served Defendant on November 7, 2023, by his email, however, Defendant was without a computer, printer, internet service.  Defendant then called Plaintiff's office and informed Plaintiff he was unable to receive service by this email and the Defendant's name did not appear on the Complaint.  Defendant informed the Plaintiff where to email the Defendant at strippendalesfl@gmail.com and the Plaintiff never responded to his phone call. Defendant was in physical anguish and seeking medical treatment and homeless.

Chris Bane is a known public figure as "Christian Banerjee".  His father, Somen "Steve" Banerjee was the founder and creator of the Chippendales male revue established under the entity of Easebe and Chippendales.  Chris Bane due to his lineage to Somen Banerjee, continues uses the name Christian Banerjee on stage and appearances to continue his association to his deceased father while conducting documentaries and future television productions.  In his legal capacity, Defendant, Chris Bane continues to use his newly established name as in day-to-day life as he wishes to maintain anonymity.  This should bring clarification to the courts and it is not the choice of the Plaintiff to chose his legal identity over his production career.  Numerous Hollywood actors have "stage names" versus their legal names as it is known in the business. Plaintiff wrongfully asserts and makes a false allegation that the Defendant's name was not changed, "allegedly granted" and "conflicting misrepresentation", however, this is established by; (1) the California SOS legal Agent, (2) the testimony of their own colleague Anna Antonova on April 24, 2024 and (3) previously informed by their own third-party private investigator David Vacca on December 11, 2023.

The court order confirming service on all Defendants was complete on April 1, 2024 was appealed by Defendant when Defendant's submitted his Motion to Set Aside Plaintiff's Request for Entry of Default Judgment against Defendant with his defenses of insufficient service.  Defendant, entered into record that he is Chris Bane, attended the June 3, 2024 hearing and respectfully submitted his Motion to Set Aside Plaintiff's Default Against Defendants.

## III.    ARGUMENT

Rule 55. Default; Default Judgment  (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. If the party against whom a default judgment is sought

has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. Plaintiff failed to serve Defendant with written notice of their Motion for Default and Default Judgment. Defendant was informed by a third-party reporter that found his name on the internet and contacted him and asked how he was going to address his upcoming court hearing on June 3, 2023.

Plaintiff's application of Rule 55(c) applies c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Defendant, Chris Bane's culpable conduct has not lead to the default. Plaintiff intentionally effected insufficient service on Defendant by circumventing Defendant's instructions to receive service. Plaintiff is maliciously using the court and the Defendant's circumstances to prevent Defendant from entering his evidences in defense. Chippendales would not be prejudiced as no hearings on the matter of the evidence to be submitted has been established. It would be good cause for the court to set aside Plaintiff's motion for default and default judgment in favor of Defendant.

### A.    Banerjee's Culpable Conduct Led to The Default

Defendant denies that the allegation that any action of the Defendant was culpable conduct. Defendant, individually, has not been named in this lawsuit. Defendants have not been sufficiently served in this lawsuit. Defendant has had two attempts on his life. Defendant did not receive a Summons from the Plaintiff. Defendant was unable to retrieve a 28 page Complaint in a PDF format as Plaintiff states he has emailed to him on his iphone at an improper email address. When forwarded the email to a friend to open the PDF attachments they were not openable. Chris Bane was without electronic devices; a computer, printer and internet connection. Plaintiff knew he was homeless at the time and operating only an online business

with no physical address except for an out of state address as provided to Plaintiff.  Google maps states that the location of Strippendales.com is "permanently closed" as it is only an online business.  Defendant had only an iphone, only capable to responding to short emails, not viewing large PDF files. Defendant established an email address strippendalesfl@gmail.com with his manager, to receive any and all legal/pr correspondence.  On, April 5, 2023, Defendant had an attempt on his life and sustained permanent injuries to his hands which has now made it difficult to operate his iphone, computers, etc.  Plaintiff had full knowledge that Defendant was under physical and mental duress due to his injuries and homelessness as it is posted on all of his social media which Plaintiff closely monitors.  Plaintiff failed in their due diligence to attempt to contact Defendants via their website, or telephone or other methods established earlier here to properly serve Defendant.  Ex. 4, pg 8.


Federal Rules of Civil Procedure:  Rule 5. Serving and Filing Pleadings and Other Papers (b) Service: How Made.(1) *Serving an Attorney.* If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party. Plaintiff states that the rules of California Code of Civil Procedure does not apply, however, Plaintiff failed to follow the Federal Rules of Civil Procedure.   Plaintiff did not personally serve Defendant.  Plaintiff did not leave the Summons and Complaint at the person's office, person in charge or conspicuous space because Defendant has an online business and was homeless at the time.  Defendant established a physical location in Florida and provided such information to Plaintiff.  Plaintiff was with knowledge that Defendant was homeless and made no attempt to coordinate a service of process at the Florida address.  Defendant's legal name change and it was posted on the California SOS which Plaintiff refuses to utilize as well as two of their own colleagues have informed Plaintiff.   Defendant has a valid complaint against Plaintiff.   Plaintiff has proven to pretend to avoid servicing Defendant but not using direct, obvious methods which have been provided to the Plaintiff and an attempt has been made on Defendant's life during the time the Plaintiff has been "attempting to locate him".

**Plaintiff in their motion of Opposition electronically on July 22, 2024, but again, failed to notice Defendant electronically at strippendalesfl@gmail.com.  Then sent a copy of their response by overnight Fedex on the 23rd of July for delivery on the 24th.  The Defendant had only 8 days to respond to Plaintiff's opposition, Plaintiff's intentional actions has now reduced Defendant's response to 6 days. Again, Plaintiff's are using**

gamesmanship and abusing the court system to not notify and delay notices to Defendant. Ex 2. Pg 4.

Defendant has responded and is not culpable and will file in answer and affirmative defenses in this court.

**1. Constructive Notice Was Effective on Banerjee by Publications and was Acknowledged as Proper Service by this Court**

Defendant denies Plaintiff's allegations.  Plaintiff had full knowledge that Defendant was homeless, without electronic devices, no office and no access to computers, printers, etc. except for an office established by his partner in Florida.  Plaintiff had knowledge that Defendant was under physical and mental duress and seeking medical treatment and scheduled for surgery on March 13, 2024.  Plaintiff had knowledge that Defendant is only an online business with no physical location locally.  For underlying reasons, Plaintiff continues to willfully not use Defendant's legally established name Chris Bane.  Plaintiff did not fulfill their service through the California SOS by omitting the registered Agent or corporate officer, Plaintiff did not make any attempt telephonically or use the email established for pr/legal email at strippendalesfl@gmail.com.   In Plaintiff's latest response, Plaintiff did not file an electronic copy/notice to strippendalesfl@gmail.com.  This is a blatant attempt by the Plaintiff to gain the upper hand in this lawsuit and avoid sufficient service of process.  Plaintiff has made every overt attempt not to serve the Defendant.

Defendant once learning from a third-party, a media reporter, of the June 3rd hearing, attended promptly and filed his Motion to Set aside Default and Judgment accordingly and noticed the court the misnomer and his name is Chris Bane.  Plaintiff did not make the same attempt to call or email the Defendant at his established means of contact.  Ex. 4, pg. 8.

**2. Banerjee's Allegations Of Improper Service Are Baseless**

**(a) California's State Court Summons Form Is Inappropriate**

Plaintiffs failed to serve Defendants, with a Federal Summons sheet or Summons sheet of any kind.   Defendant was homeless and without electronic devices to conduct a search for publications online.  Plaintiff had full knowledge that Defendant was homeless, without electronic devices, no office and no access to computers, printers, etc., and had established an office address in Florida.  Plaintiff had knowledge that Defendant was under physical and mental duress and seeking medical treatment.  Plaintiff had knowledge that Defendant is only

an online business.   For underlying reasons, Plaintiff continues to willfully not use Defendant's legally established name Chris Bane and has not amended their complaint within 21 days. Plaintiff did not fulfill their service through the California SOS as they did not address the Agent/officer, proof of service was returned and two of the services were sent to non-member, non-employee, non-representative of Strippendales.   Plaintiff's service is insufficient process and insufficient service of process per Rule 12 (b) (4) and (5) of the Federal Rules of  Civil Procedure.  Plaintiff failed to serve the agent and/or corporate officer per Rule 4 of the Federal Rules of Civil Procedure.  Plaintiff did not make any attempt telephonically at (954) 504-3591 or use Strippendale's email established pr/legal email strippendalesfl@gmail.com and continues not to do so to send notices and filings.  This is a blatant attempt by the Plaintiff to gain the upper hand in this lawsuit.  Plaintiff has made every overt attempt not to serve the Defendant.

### a. Use of Banerjee's Original Legal Name Does Not Make Service Ineffective Because Banerjee Had Actual Notice the Litigation Was Against Him

Defendant, individually, is not properly named in this case but as a misnomer which Plaintiff is aware of and agrees, however, has failed to file his amended complaint within 21 days.  Recipient, Chris Bane (aka Christian Bane and Bane Diesel) and Defendants Strippendales have received Chippendales alleged "Infringement of Chippendales USA, LLC's Intellectual Property" dated June 5, 2023, as emailed to Defendant's business's entertainment email booking@strippendales.com, which was eventually forwarded to Chris Bane on or about June 30, 2023.  The booking agent that maintains this account "Pedro" misconstrued this document as a "spam" or a "hoax".  Plaintiff then changes the name of the Defendant to Christian Banerjee on their formal complaint.

Defendant was unaware that Plaintiff was attempting to file suit against him.  However, was not in the physical capacity nor had means to research the litigation.  Plaintiff had means to properly perfect their lawsuit and Defendant had established means to properly serve his entities correctly, however, Plaintiff refused to do so.  Plaintiff was aware of Chris Bane's upcoming surgery on March 13, 2024 and took full advantage to seek a default judgment against him and his entities at that time while he was in physical recovery.

Plaintiff sent an email to Chris Bane on October 13, 2023, and does not even mention that Plaintiff has filed a lawsuit against him one day prior.  Furthermore, Plaintiff waits an additional 26 days before sending him an email asking him to accept service.

While Defendant appeared for his hearing on June 3, 2024, he entered into the court and stated for the record his name is Chris Bane.  Defendant is not an attorney, however,  by stating his name, he has challenged the misnomer.  This argument stays as the corporate entities list the agent/officer of the entities as Chris Bane.  Any and all documents attempted to be served by the California SOS are insufficient as they did not list any of the Agents or Officers.  Defendant has not been clearly identified in the summons and complaint and has submitted to this court the misnomer.  Plaintiff failed to amend their complaint within 21 days.  Plaintiff's service was insufficient.   Plaintiff willfully changed defendant's name from Chris Bane on their Infringement notice to Christian Banerjee, a former name no longer legally used.

On June 15, 2023, as Chris Bane's filed his legal proceeding against Kevin Denberg, personally, he filed fmk Christian Banerjee as Denberg and Chris Bane has had prior communications and only has known Defendant by his former name.  He filed as in his complaint the allegations/offenses occurred while his name was still Christian Banerjee.  A Plaintiff can use an alias or other name and has not committed perjury, however, this could affect the judgment and collection of the judgment should the Plaintiff prevail.   The case was dismissed and Chris Bane has not resurrected the case to date.  When addressing the public on his social media, Chris Bane uses his publicly known name and alias, formerly known as Christian Banerjee.

On July 8, 2024, Chris Bane has posted on his "bane_chippendale" Instagram account a medical form from Hoag Hospital from 2023.  Chris Bane has been a resident of California since birth and the medical records are still under his birth name and have been in the process of bringing his personal medical records up to date with his name correction.

Chis Bane's argument for a misnomer is factual and supportive.  Plaintiff had knowledge of his name and addressed his by his legal name prior to the lawsuit.  Plaintiff has knowledge of his correct name as agent of the Strippendales entities on the SOS website.  Chippendales was well informed of the legal parties to sue.  If Plaintiff was so incompetent and unknowing how to serve Defendant, Plaintiff has been in communication with Defendant and could have had asked Defendant or proceeded to serve him.

Again, Chris Bane is a public figure and known as Christian Banerjee as his father Somen "Steve" Banerjee was the original founder, owner and creator of Chippendales.  As an entertainer/dancer/stripper he maintains a number of stage names as well as multiple social media accounts from Bane Diesel, Bane Chippendale, Bane Strippendale, etc.  It is not unusual in such a business to acquire stage names.

There is an underlying masterplan as to why Chippendales USA, LLC. (a Delaware Corporation) is seeking an advantageous judgment and must prevail against Chris Bane in the name of "Christian Banerjee" to be activated beyond the realms of this court.

### 3. Defendants Had Actual Notice of this Litigation, including the Summons and Complaint

Defendants had lack of knowledge of the lawsuit and notice of litigation. Chris Bane of Strippendales, received an email from Mark Lieberstein on November 7, 2023, asking if he would accept service to which Chris Bane responded with "no, he was unable to do so at that address". In Chris Bane's conversation with Marc's office, Marc and he refused to take Chris' call, and Chris instructed his office how to properly serve him in Florida and on the Strippendales website. Lieberstein never returned Chris Bane's phone call nor serviced him according to his instruction. Chris Bane was homeless and without electronic devices to view notices on his small, and Plaintiff was advised that strippendales@icloud.com was not the email for use. Defendant had only an iphone to wit Plaintiff's attorneys refused to use his managing member's email address at strippendalesfl@gmail.com. Plaintiff was well aware of Chris Bane's medically necessary upcoming surgeries and has provided documentation to this court. Defendant was purposefully insufficiently served by the Plaintiff and Plaintiff took advantage of Defedant's medical and homeless position and refused to use his established lines of communication.

### B. Defendants Have No Meritorious Defenses

Defendants Motion to set aside the Default has met the criteria by this court to set aside the Default.

Defendant has had a Default judgment issued against him without the opportunity to submit to this court his Response and Affirmative defenses to prove that the allegations against him are faulty and defective. Chippendales USA, LLC (a Delaware Corporation) is a newly established entity with a panel of "four secret owners". Chippendales originated from Easebe Enterprises formed by Defendant's father Somen Banerjee in 1979. From there Easebe established a number of Chippendales Trademarks and Copyrights beginning in the early 1980s. After his father died, his mother took over the estate and the ownership of Chippendales, Easebe, trademarks, licensing agreements and management. It is alleged that Chippendales USA, LLC (a Delaware Corporation) purchased Chippendales Trademarks and usage through an agreement dated March 30, 2000. It was unknown to Chris Bane and only recently

discovered new evidence to prove that Chippendales USA, LLC (a Delaware Corporation) has committed fraud, racketeering, coercion, violation of RICO acts, misrepresentation and fraudulent misrepresentation and does not have ownership of the Chippendales trademarks.

In another matter; a Jesus Jesse Banerjee (aka Moises Diaz, Jesus M. Banerjee, Jesse M. Banerjee, Fagofaatasi Sialoi, and Paul Waughns) an installed strawman, whom has no rightful claim to the Banerjee Estates and Trusts, is being proven a fraud and unlawfully impersonating a family member for financial gain. In his case, Chippendales v. Jesus Jesse Banerjee, 23-cv-03672, Jesus Banerjee has brought his case before an appellate court case number 24-3542 and is currently pending and Plaintiff has intentionally, misrepresented the current standing of this matter. Chris Bane also has a pending matter against Jesus Jesse Banerjee (aka Jesus Moises Diaz, etc.) in a probate court case number 17STPB02593 which Chippendales is aware of and is monitoring on the sidelines and have inserted themselves as a party of interest.

Chippendales is misleading in this statement herein when stating "Banerjee provides no further details, no supporting documentation and no corroborating evidence to the underlying trademark infringement and unfair competition claims". Plaintiff does not establish which "Banerjee" he is referring to and purposefully failed to clarify this for this court.

The Defendant in this matter through his Responses and Affirmative Defenses intends to provide to this court supporting documentation, details and evidence to support his claims to the rightful Chippendales business, trademarks, copyrights, etc. Defendant does and will provide to the court its meritorious defenses.

**C.     Chippendales would Be Prejudiced by Vacatur of the Court's Entry of Default**

Chippendales would not be prejudiced and in fact, the Defendant, Chris Bane and Strippendales would be greatly prejudiced in this proceeding if not allowed to submit his Response and Affirmative Defenses in this proceeding. Furthermore, a default against Defendants in this case would weaponize Chippendales USA LLC. (a Delaware Corp) against any and all online web-based exotic entertainment business. The Defendants should be allowed an opportunity to present to this court their facts and defenses in support of their claims and as well as refute any allegations made by the Plaintiffs.

Chris Bane has been planning to relocated out of the state of California to Florida since 2020. Defendant moved temporary to Florida and would have completed his move at that time, however, the covid lockdowns prevented his move. Since early 2023 and the new addition of an associate member of Strippendales, Chris Bane has began his plans to relocate to Florida,

however, was delay due to his need of a final surgery in March of 2024. This was due to his injury sustained from 2022, rupturing both of his pectoral muscles. Once his surgery was complete, he finalized his planned move.

Plaintiff states that Defendant would have more time to "hide or move assets". It is unsure what assets Plaintiff is referring to. Defendant owns and operates and online business. Defendant has a small amount of furniture which was left to him after the demise of his parents. Defendant has provided Plaintiff with his address for service and email address for further communication and since his surgery, has been in communication with this court.

Chris Bane and Strippendales are not and have not been infringing on any trademarks that Chippendales USA LLC. (a Delaware Corp) believes to have, control or allegedly own and the Defendant's intent on proving these facts to this court.

Defendants operate in two very separate and distinct business spaces. The Plaintiff has a permanent venue in Las Vegas where it performs, quite poorly, a non-Broadway style male revue. They are known for employing "D-Class dancers" turn-aways and rejects from other male revues such as Thunder Down Under, Magic Mike, Kings of Hustler by Larry Flynn and Piranha. Plaintiff forces their dancers to operate at a kiosk on the Vegas strip, close to the Flamingo, and pander to oncoming foot traffic to sell tickets to their shows.

Plaintiffs also operate at a rundown off the strip, sleezy, filthy, hotel, known as The Rio Hotel as they boasts about its scam $6.00 a-night-room special. It is in a dangerous, distressed area off-strip known for being robbed and/or raped. Within the Chippendales Club, they have created a "safe space" known as the "orgy-room" which in its own explanation is a brothel. The Plaintiff also sells explicit sexually-oriented merchandise from dildos, vibrators and condoms. The only class act that Chippendales USA, LLC. in Vegas employed was Vinnie Guadagnino from MTV's Jersey Shore.

Defendants operate an online-based, in-home for out-call party-planner business. Strippendales provides male and female exotic dancers that come to your place of business, venue or home. Clients may book as many dancers as they wish for their events at their venues. Strippendales services include but not limited to; Paint and Sip parties, male and female strippers, bachelorette and bachelor parties, bridesmaids, shirtless bartending, butler services, modeling, rent-a-gent, party-bus entertainment, individual entertainment, strip-o-grams, bikini bartenders/servers, etc. Defendants do not host at a fixed venue.

Plaintiff has gone through great legal lengths to prevent Defendants from responding to this lawsuit. Plaintiff is aware of Defendant's claim and wish to deter and prevent Defendant

from presenting their evidences into this here court.  Defendants should be granted the opportunity to respond and continue in their defense of the wrongful accusations brought about from the Plaintiff.

## IV.  <u>CONCLUSION</u>

Plaintiffs have intentionally avoided proper service of Defendant.  Plaintiff has strategically used the court system and Defendant's physical medical conditions against him to seek a wrongful default judgment against him.  Plaintiff intentionally misrepresented facts and information and purposefully confuses court cases by generalizing the name "Banerjee" to include another case non-related to this case.  Plaintiff purposefully confuses the court by generalizing the name "Chippendales" as to blur the lines between the original entity and the present Plaintiff.  Defendant's have newly discovered evidences.  Should Plaintiffs prevail with their default judgment in this case, this would weaponize Chippendales against any and all online web-based for hire male and female exotic dancers and strippers.

Defendants Motion to set aside Plaintiff's Request for Entry of Default Against Defendants should be granted.

Dated:  July 29, 2024                                Respectfully submitted,


By: /s/Chris Bane_____
        Chris Bane
        Strippendales
        Strippendales, LLC
        Strippendales69, LLC

# EXHIBIT 1

Exhibit 1 – Page 001

Sent from my iPhone

Begin forwarded message:

**From:** "Lieberstein, Marc" <MLieberstein@kilpatricktownsend.com>
**Date:** November 7, 2023 at 3:35:01 PM EST
**To:** Bane Strippendale <strippendales@icloud.com>
**Cc:** "Nadel, Evan" <ENadel@kilpatricktownsend.com>
**Subject: Chippendales Complaint**

Christian, my firm represents Chippendales in connection with a lawsuit filed in the Central District of California on October 12, 2023. The lawsuit names as defendants Strippendales Corp., Strippendales69 LLC, Strippendales LLC, and you in your individual capacity. Rather than have a process server serve you the summons and complaint by hand, will you please accept service of the attached summons and complaint on behalf of all defendants via email? Please reply with a yes or no.

**Marc Lieberstein**
**Kilpatrick Townsend & Stockton LLP**
The Grace Building | 1114 Avenue of the Americas | New York, NY  10036-7703
office 212 775 8781 | cell 516 728 1534 | fax 212 937 3842
mlieberstein@kilpatricktownsend.com | My Profile | vCard

---

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

---

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

<2023.10.13 Dkt. 14 Issued Summons to Banerjee.pdf> <2023.10.13 Dkt. 14-3 Issued Summons to Strippendales69 LLC.pdf><2023.10.13 Dkt. 14-1 Issued Summons to Strippendales Corp..pdf> <2023.10.13 Dkt. 14-2 Issued Summons to Strippendales LLC.pdf> <2023.10.12 Dkt. 01 Complaint.pdf>

EXHIBIT 1 – PAGE 002



EXHIBIT 2 PAGE 004

# EXHIBIT 3

EXHIBIT 3 PAGE 005

# EXHIBIT 2

EXHIBIT 2 – PAGE 003

July 25, 2024

# UCI Health

**Dean Wang, MD**
Associate Professor
Chief, Division of Sports Medicine
Department of Orthopaedic Surgery
License # A124076
714-456-7002 (Irvine)
949-398-1440 (Costa Mesa)

07/25/24

**Chris Bane**
**2060 N East 55 St**
**FORT LAUDERDALE,  FL 33308**

Chris has been under my care and recovering from surgery. He will continue to have the following restrictions with work:
Unable to perform pressing activities
Unable to perform heavy lifting
Unable to perform male stripping/body building activities

Nature of illness or injury: Left Pectoralis Injury

If you have any questions or concerns, please contact our office at 714-456-7012. Thank you.

Sincerely,

**Dean Wang, MD**
Orthopaedic Surgery & Sports Medicine
Chief, Division of Sports Medicine
Department of Orthopaedic Surgery
UCI Health
deanwangmd.com

UCI PAVILION 3 ORTHOPAEDIC SURGERY
101 THE CITY DRIVE SOUTH
ORANGE CA 92868-3201
TEL: 714-456-7012

EXHIBIT 3 PAGE 006