UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-8630 PA (PDx) | Date | August 1, 2024 |
|---|---|---|---|
| Title | Chippendales USA LLC v. Christian W. Banerjee, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Gabby Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **IN CHAMBERS — COURT ORDER**

    Before the Court is a Motion to Set Aside Default filed by defendants Chris Bane (sued using his former name Christian Banerjee) ("Bane"), Strippendales Corporation, Strippendales LLC, and Strippendales69, LLC (collectively "Defendants") (Docket No. 46). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

    Plaintiff Chippendale USA, LLC ("Plaintiff"), commenced this action on October 12, 2023. Plaintiff's Complaint alleges federal trademark infringement and related claims against Defendants for infringing Plaintiff's "Chippendales" mark. On January 10, 2024, Plaintiff applied for permission to serve Defendants through alternative means as allowed under the California Code of Civil Procedure. The Court granted Plaintiff's application and Plaintiff filed Proofs of Service on March 15, 2024 indicating that it had served Defendants consistent with the Court's Order and the California Code of Civil Procedure. Plaintiff also provided notice of the action to Defendants through email addresses associated with Defendants and by notifying Defendants on their social media accounts. Plaintiff requested the Clerk to enter Defendants' defaults on April 2, 2024, and the Clerk entered each Defendants' default that same day. Plaintiff then filed a Motion for Default Judgment on May 2, 2024, with a hearing date of June 3, 2024. Bane appeared at the hearing pro se and requested an opportunity to contest Plaintiff's allegations. The Court ordered Defendants to file a Motion to Set Aside Default by no later than July 8, 2024. Bane, representing himself, filed the Motion to Set Aside Default by the deadline set by the Court. Plaintiff has filed an Opposition to the Motion.

    Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925 (9th Cir. 2004). Thus, in determining whether to set aside entry of default or default judgment, a district court must consider three factors: (1) whether the moving party's own culpable conduct led to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-8630 PA (PDx) | Date | August 1, 2024 |
|---|---|---|---|
| Title | Chippendales USA LLC v. Christian W. Banerjee, et al. | | |

the default; (2) whether the nonmoving party would be prejudiced by setting aside the default; and (3) whether the moving party has no meritorious defense. See TCI Grp. Life Ins. Plan v. Knoebber (TCI), 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001); Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000); Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988). While "[a] motion to set aside a default may be denied if any one factor goes against the defendant, . . . it would still be within a district court's discretion to grant the motion." Yagman v. Galipo, No. CV 12-7908 GW (SHx), 2013 WL 1287409, at *9 (C.D. Cal. Mar. 25, 2013) (citing Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1112 (9th Cir. 2011)) (emphasis in original).

Although courts apply the same standard to motions to set aside default and motions to set aside default judgment, the standard for setting aside entry of default is less rigorous than the standard for setting aside a default judgment. See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). Accordingly, "appropriate exercise of district court discretion . . . requires that the finality interest should give way fairly readily to further the competing interest in reaching the merits of a dispute." TCI, 244 F.3d at 696.

The three factors for setting aside entry of default and default judgment are met here. The evidence before the Court indicates that Bane has suffered from health issues and experienced periods of homelessness, but appeared prior to the entry of a Judgment. Additionally, Plaintiff would suffer little or no prejudice from setting aside the default and the Court cannot conclude, on this record, that Defendants have no meritorious defenses.

Accordingly, the Court grants Defendants' Motion and sets aside the entry of default. The Court notes that in filing the Motion to Set Aside Default, Bane has appeared pro se on behalf of himself and the corporate entities he controls. According to the Local Rules:

> Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court . . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-8630 PA (PDx) | Date | August 1, 2024 |
|---|---|---|---|
| Title | Chippendales USA LLC v. Christian W. Banerjee, et al. | | |

Local Rule 83-2.2.2.  Bane may therefore not represent the corporate entities and although Bane may represent himself, the Court will not allow Bane to make any future pro se filings on behalf of Strippendales Corporation, Strippendales LLC, and Strippendales69, LLC.  Defendants are ordered to file an Answer or otherwise respond to the Complaint as required by Federal Rule of Civil Procedure 12 on or before August 26, 2024.  Failure by Defendants to file such a response by that date, and for the corporate defendants to appear through an attorney when filing such a response, may result in the entry of Defendants' defaults.  As a result of the Court's setting aside of the defaults, the Court denies without prejudice Plaintiff's Motion for Default Judgment (Docket No. 44).

    IT IS SO ORDERED.